Unemployment Compensation Board of Review of the Commonwealth of Pennsylvania *v.* Handy Markets, Inc., Appellant.

Argued June 10, 1976, before Judges CRUMLISH, JR., WILKINSON, JR., and MENCER, sitting as a panel of three.

*Francis A. Zulli,* with him *Reynolds, Bihl* and *Schaffner,* for appellant.

*Charles G. Hasson,* Assistant Attorney General, with him *Sydney Reuben,* Assistant Attorney General, and *Robert P. Kane,* Attorney General, for appellee.

OPINION BY JUDGE WILKINSON, July 16, 1976:

The appellee-claimant in this unemployment compensation case was employed by appellant for the six to eight month period prior to her separation as a store supervisor at $200.00 a week and fringe benefits. The appellant came to the conclusion that while appellee-claimant was a desirable employee, she was not able to perform the duties of store supervisor to its satisfaction. After so informing her, appellant offered her a position of crew leader at $3.00 an hour and the same fringe benefits. There were no fixed hours but appellee testified she considered it a 40% cut in pay and part-time work. Appellant offered testimony that appellee-claimant could expect to work 45 to 50 hours a week or perhaps 55. Certainly the law does not require appellee-claimant to take as optimistic a view of possible pay in a new position as the employer did here. Indeed, her view of a 40% cut in pay may be more accurate and certainly does not seem arbitrary or unreasonable.

The facts being fairly well admitted, the narrow question is whether the claimant's refusal to accept a "reassignment" to a new position which was part-time rather than full-time and which caused a substantially reduced pay constituted a termination of employment for a necessitous and compelling reason under the provisions of Section 402(b)(1) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802 (b)(1). The Bureau of Employment Security (Bureau), the referee, and the Unemployment Compensation Board of Review (Board) ruled that the termination by appellee-claimant was for a necessitous and compelling reason and awarded benefits. We affirm.

The appellant rests its case on our line of decisions exemplified by *Mosley v. Unemployment Compensation Board of Review,* 15 Pa. Commonwealth Ct. 447, 327 A.2d 199 (1974) which stand for the proposition that a mere dissatisfaction with one's wages or working assignment does not constitute a cause of a necessitous and compelling nature. Those cases are controlling when the claimant has accepted employment at the pay with which he or she subsequently becomes dissatisfied. For example, in *Mosley,* Judge CRUMLISH carefully points out that the claimant by accepting the employment at that wage thereby determines it to be suitable and this must be overcome by a showing that the claimant was deceived as to the wages. Indeed, the real issue in that case was whether claimant has been deceived.

This line of cases must not be confused with the cases where the Board of Review has found that the difference in pay is not substantial enough to form the basis of a compelling and necessitous cause. See *Martin Unemployment Compensation Case,* 196 Pa. Superior Ct. 293, 175 A.2d 116 (1961); *Pusa Unem-*

*ployment Compensation Case,* 178 Pa. Superior Ct. 348, 115 A.2d 791 (1955). In the instant case the bureau, referee, and board have all found the reduction to be substantial enough. In the referee's decision, affirmed by the board, it is stated

"The principal reason for claimant's failure to continue the engaged employment was her dissatisfaction over the job transfer involved. It is clear that the change of circumstances as to pay would clearly diminish her pay with such a variance as to be material in nature. The diminishment of pay to the degree herein anticipated as cause for the voluntary termination must be construed to be such as would fall within the judicial concept of 'compelling and necessitous' within the definition thereof under the provisions of Section 402(b)(1) of the Act, applicable."

Accordingly, we enter the following.

ORDER

Now, July 16, 1976, the order of the Unemployment Compensation Board of Review, Decision No. B-127-267, dated August 15, 1975, affirming the decision of the referee and allowing benefits is affirmed.