Ship Inn, Inc., Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued February 7, 1980, before Judges BLATT, MACPHAIL and WILLIAMS, JR., sitting as a panel of three.

*Lynn S. Palenscar,* of *MacElree, Harvey, Gallagher & Kean, Ltd.,* for appellant.

*John T. Kupchinsky,* Assistant Attorney General, with him *Richard Wagner,* Chief Counsel, and *Edward G. Biester, Jr.,* Attorney General, for respondent.

OPINION BY JUDGE WILLIAMS, JR., April 2, 1980:

This is an appeal by employer Ship Inn, Inc. from a decision by the Unemployment Compensation Board of Review granting unemployment benefits to claimant Mrs. Eva Pilsey. The Board found that the claimant had "necessitous and compelling" cause to terminate her employment, and therefore was not ineligible for benefits under Section 402(b)(1) of the Unemployment Compensation Law. Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(b)(1). The Board's decision reversed a contrary determination by the Bureau of Employment Security and the Referee.

The claimant, Mrs. Pilsey, had been employed by the Ship Inn in Exton, Pennsylvania, for about 15½ years prior to her termination in May 1978. For some time prior to her termination, her employment com-

bined the tasks of waitress, head waitress and hostess. She worked as a waitress three nights a week, for which she was paid $1.20 per hour. However, the nights the claimant worked as a waitress she also functioned as head waitress, which entitled her to an extra $15.00 a week for that role. She also worked as hostess one night a week, for which she earned another $30.00. Her weekly pay averaged $67.80.

In December 1977, the ownership of the Ship Inn had changed. On May 17, 1978 the new owner informed the claimant that she would no longer receive the extra $15.00 a week for her duties as head waitress. She was also told that if she did not like that arrangement her termination would be accepted. There was no reason given for this action by the employer, nor is there any evidence of dissatisfaction with the claimant's performance in her job. As a result of the reduction in her pay, the claimant voluntarily terminated her employment at the Ship Inn, as of May 20, 1978.

The Unemployment Compensation Board of Review found, as the claimant testified, that the employer unilaterally and without stated reason reduced her weekly salary of $67.80 by $15.00 a week. The Board found that what the employer discontinued was the $15.00 she had been receiving for her role as head waitress and that the employer had changed her rate of pay. Based on these findings, the Board concluded that the employer had so substantially changed the claimant's "contract of hire" as to create a "necessitous and compelling" cause for the claimant to voluntarily terminate her employment at the Ship Inn. The appellant-employer asserts that the Board committed an error of law in that determination.

It is not clear from the Board's written decision whether the $15.00 head waitress pay was eliminated because the job itself was eliminated, or because the employer was changing the rate of pay for the claim-

ant's previous duties. The claimant's own testimony casts no light on the question; and the employer did not testify at all. However, it must be noted, as an aside, that on Page Four of the employer's brief the employer takes the position that at the time the claimant left her employment "there was continuing employment available to her at the Ship Inn, *both as a head waitress and as a waitress.*" (Emphasis added.) This statement would support a conclusion that what the employer demanded was for the claimant to continue functioning as head waitress but without the previous pay for that task.

We need not decide which of these alternative reasons reduced the claimant's $67.80 weekly salary by $15.00. For, under either approach the reduction in these circumstances was so substantial as to create a "necessitous and compelling" cause for the claimant's voluntary termination.

This Court has held that a substantial reduction in pay can constitute a "necessitous and compelling" cause for voluntarily terminating one's employment. *Unemployment Compensation Board of Review v. Handy Markets, Inc.*, 25 Pa. Commonwealth Ct. 535, 360 A.2d 268 (1976). It is true that there is no talismanic percentage figure that separates a substantial reduction from one that is not. Each case must be measured by its own circumstances. In the case at bar, the Board concluded that for the employer to reduce the claimant's $67.80 salary by $15.00 a week was so substantial as to constitute a "necessitous and compelling" cause for termination within the meaning of Section 402(b)(1) of the Unemployment Compensation Law. We cannot say that the Board committed an error of law in that conclusion. We must also note, in passing, that if the employer in this case was reducing the pay for the same previous duties, then the result we have reached would be even more compelling.

Such an act would work a drastic change in the contract of hire, and also would constitute a "necessitous and compelling" cause. In *National Freight, Inc. v. Unemployment Compensation Board of Review,* this Court pointed out that an employee may terminate his employment and remain eligible for benefits when his wages and working conditions have changed since his initial employment. 34 Pa. Commonwealth Ct. 161, 382 A.2d 1288 (1978).

As a final contention, the employer-appellant asserts that the Board failed to consider whether the claimant had refused available "suitable work" at the Ship Inn, when she left, as to deprive herself of eligibility by force of Section 401(d) of the Law. 43 P.S. §801(d). In this regard, it must again be noted that there was no testimony from the employer. The only evidence on the point of other work at the Ship Inn was from the claimant, who testified that her employer gave her a choice of either working for $15.00 less or leaving.

In other words, the only other work available to the claimant at the Ship Inn when she left was for $15.00 less than her previous pay. According to the employer, that constituted an offer of "suitable work."

Section 4(t) of the Law sets forth the definition of "suitable work." 43 P.S. §753(t). In determining what is "suitable work," two of the considerations are the amount of previous earnings and the length of time the claimant has been unemployed. *Shay Unemployment Compensation Case,* 424 Pa. 287, 227 A.2d 174 (1967).

In the case at bar, there was no intervening period of unemployment when the claimant refused the job. Furthermore, given that the reduction in salary was so substantial as to create "necessitous and compelling" cause for termination under Section 402(b)(1), it is difficult to imagine that Section 401(d) ob-

ligated the claimant in this case to accept her employer's offer at that reduced pay. The offer of employment at a drastic reduction in salary, especially for a person who has not been out of work for any significant length of time, does not constitute an offer of "suitable work." *Sproul v. Unemployment Compensation Board of Review*, 14 Pa. Commonwealth Ct. 442, 322 A.2d 765 (1974).

For the reasons above set forth, we affirm the order of the Unemployment Compensation Board of Review granting benefits.

### ORDER

AND Now, the 2nd day of April, 1980, the Decision of the Unemployment Compensation Board of Review, No. B-166975 dated December 18, 1978, granting unemployment benefits to claimant Eva Pilsey, is affirmed.

President Judge BOWMAN did not participate in the decision in this case.