Morysville Body Works, Inc., Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued April 6, 1981, before Judges ROGERS, WIL-
LIAMS, JR. and PALLADINO, sitting as a panel of three.

*Jeffrey S. Harner,* with him *Craig S. Boyd,* for pe-
titioner.

*John T. Kupchinsky,* Assistant Attorney General,
with him *Richard Wagner,* Chief Counsel, and *LeRoy
S. Zimmerman,* Attorney General, for respondent.

OPINION BY JUDGE WILLIAMS, JR., June 5, 1981:

Morysville Body Works, Inc. (Body Works) ap-
peals from an Order of the Unemployment Compen-
sation Board of Review (Board) which affirmed a
referee's decision granting benefits to Grace Gruber
(claimant).

The claimant worked for the employer and a sep-
arate company, Morysville Equipment Sales (Equip-
ment Sales), for approximately 15½ years as a secre-
tary-bookkeeper. Although these two companies were

distinct business entities, they were owned by the same family. The claimant was earning $290 weekly for her combined services to both companies: $136.47 a week from Body Works, and the remainder of her salary ($153.13) from Equipment Sales. She worked a total of 42½ hours weekly; the vast majority of the duties which she performed were for Body Works.[1]

On July 26, 1979, the claimant was informed that Equipment Sales was going out of business, and that she would be retained by Body Works at a rate of $5.00 an hour. Although this salary represented an increase in the hourly rate she received previously from Body Works, it represented a net salary reduction of approximately $75.00 a week. Claimant's total hours would remain the same, 42½ hours weekly, with a very slight decrease in duties due to the eventual liquidation of Equipment Sales.

When confronted with these changes in her employment, the claimant elected to resign her position rather than accept so severe a reduction in salary for essentially the same duties. She voluntarily terminated her employment on July 27, 1979. Thereafter, she applied for unemployment compensation benefits. The Bureau of Employment Security (BES) denied her application, determining that she was ineligible under Section 402(b)(1) of the Pennsylvania Unemployment Compensation Law,[2] due to her voluntary resignation. The claimant appealed this determination to a referee; the referee concluded that the $75-a-week salary reduction constituted cause of a necessitous and compelling nature under Section 402(b)(1) for the claimant's resignation, and reversed BES.

---

[1] The claimant testified before the referee that over 90% of the work which she performed was done for Morysville Body Works, Inc.

[2] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, as amended, 43 P.S. 802(b)(1).

The employer appealed the referee's decision to the Board, which affirmed. This appeal followed.

This Court has held that a substantial reduction in pay can constitute a "necessitous and compelling" cause for voluntarily terminating one's employment. *Ship Inn, Inc. v. Unemployment Compensation Board of Review*, 50 Pa. Commonwealth Ct. 292, 412 A.2d 913 (1980); *Unemployment Compensation Board of Review v. Handy Markets, Inc.*, 25 Pa. Commonwealth Ct. 535, 360 A.2d 268 (1976). We have further held that there is no talismanic percentage figure that separates a substantial reduction from one that is not; each case must be measured by its own circumstances. *Ship Inn, Inc., supra.*

We find the above decisions dispositive of this appeal. It is undisputed that the claimant would be subjected to a salary reduction of approximately $75. This amount represents almost one fourth of her salary. Both the referee and the Board found that the pay reduction in question was substantial; and on these facts, we must agree. We find no error in the Board's conclusion that such a large, unilateral decrease was so substantial as to constitute cause of a necessitous and compelling nature for voluntarily terminating employment.

Accordingly, the Board's Order is affirmed.

#### ORDER

AND Now, the 5th day of June, 1981, the Order of the Workmen's Compensation Appeal Board, entered December 21, 1979, at No. B-178898, is affirmed.

---

#### AMENDED ORDER

AND Now, this 8th day of July, 1981, the order filed June 5, 1981, in the above captioned case, is hereby amended to read as follows:

490

AND Now, this 5th day of June, 1981, the Order of the Unemployment Compensation Board of Review, entered December 21, 1979, at No. B-178898, is affirmed.