John Kenneth, Ltd., Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued March 3, 1982, before Judges ROGERS, CRAIG and MACPHAIL, sitting as a panel of three.

*Richard S. Wasserbly,* with him *Edward S. Shensky, Marston & Shensky,* for petitioner.

*Charles Hasson,* Associate Counsel, with him *Karen Durkin,* Associate Counsel, and *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

OPINION BY JUDGE CRAIG, April 30, 1982:

John Kenneth, Ltd. (employer) appeals the order of the Unemployment Compensation Board of Review affirming a referee's decision granting benefits to claimant Sheila Rosen under the Unemployment Compensation Law.[1]

Working as a depilatron technician in the employer's beauty salon, the claimant scheduled her customers in advance, reported to the salon for her appointments and left each day when her scheduled work was complete. The claimant had been working three days per week and was being paid twenty-five dollars a day, plus fifty percent commission.

After claimant had worked in that manner for approximately four years, the employer advised claimant that either claimant's hours or pay arrangement would be changed, effective immediately, giving the claimant two alternatives. The first alternative was that claimant's pay would remain the same, but, on each of claimant's three work days, claimant would be required to remain at the salon for the full working day, regardless of her appointment schedule. Under the second alternative, claimant would continue to leave work when her scheduled appointments were completed; however, claimant would no longer receive a salary and would be paid only her commission. Claimant refused to accept either alternative and terminated her employment.

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended.*

From an administrative determination that claimant had voluntarily terminated her employment for a necessitous and compelling reason and was entitled to benefits under Section 402(b)(1) of the Law,[2] the employer appealed. A hearing, scheduled for September 26, 1980, was rescheduled to October 3, 1980, because of illness of the referee. The employer was notified of the continuance, by telephone, on September 26, 1980, and a written notice, dated September 26, 1980, was mailed to the employer.

At the hearing, held on October 3, 1980, the claimant appeared, but the employer did not. The referee held that the claimant is entitled to benefits, and the board affirmed.

We must decide two issues: Did the employer receive adequate notice of the rescheduled hearing? Is the board's decision supported by substantial evidence?

The rescheduled hearing notice was properly directed by mail to the "last known address . . . furnished" by the employer, 34 Pa. Code §101.53—indeed, to the only address furnished by the employer (who has two business locations).

Where notice, mailed to a party's last known address, is not returned by the postal authorities as undeliverable, the party is presumed to have received notice. *Mihelic v. Unemployment Compensation Board of Review*, 41 Pa. Commonwealth Ct. 546, 399 A.2d 825 (1979).

Because the notice of the rescheduled hearing shows a mailing date of September 26, 1980, seven days before the hearing,[3] and the employer does not assert that it was returned to the department as un-

---

[2] 43 P.S. §802(b)(1).

[3] The department's regulation at 34 §101.85(a) provides:
The tribunal by which the appeal is to be heard shall schedule the appeal promptly for hearing and give at least seven

deliverable, we conclude that the employer received the notice, which was a one-page form entitled "NOTICE OF CONTINUANCE OF HEARING." Despite the inherent ambiguity in the legal word "continuance," the body of the notice plainly stated the date for the new hearing, and hence the notice was adequate.[4]

We now reach the issue of whether the necessary findings of fact are supported by substantial evidence.[5]

A substantial reduction in pay can constitute a "necessitous and compelling" cause for voluntarily terminating one's employment. *Morysville Body Works, Inc. v. Unemployment Compensation Board of Review*, 59 Pa. Commonwealth Ct. 486, 430 A.2d 376 (1981). There is no talismanic percentage figure that separates a substantial reduction from one that is not. Each case must be measured by its own circumstances. *Ship Inn, Inc. v. Unemployment Compensation Board of Review*, 50 Pa. Commonwealth Ct. 292, 412 A.2d 913 (1980).

The evidence at the hearing does not support the contention that claimant quit her job without a "ne-

days' notice of the hearing to the parties, their counsel or duly authorized agent, specifying the date, hour and place of hearing and specific issues to be covered at the hearing.

[4] The first sentence on the form stated that the September 26, 1980, hearing was continued. Centered in the space below the first sentence, the following was typed: "THE NEW HEARING DATE IS FRIDAY, OCTOBER 3, 1980 at 11:30 p.m."

[5] Where, as here, the party with the burden of proof below prevails, and the sufficiency of the evidence is challenged on appeal, we must decide if the necessary findings of fact are supported by substantial evidence. *Patterson v. Unemployment Compensation Board of Review*, 60 Pa. Commonwealth Ct. 53, 430 A.2d 1011 (1981). Substantial evidence is such relevant evidence as a reasonable mind might accept as sufficient to support a conclusion. *Gochenauer v. Unemployment Compensation Board of Review*, 59 Pa. Commonwealth Ct. 354, 429 A.2d 1246 (1981).

cessitous and compelling" reason. Claimant testified that if she accepted her employer's ultimatum, she would either have been required to double the hours she worked for the same total pay, or her pay would have been substantially reduced. We decide that the board's decision is supported by substantial evidence.

Accordingly, the board's order is affirmed.

ORDER

Now, April 30, 1982, the order of the Unemployment Compensation Board of Review at Decision No. B-190103, dated December 1, 1980, is hereby affirmed.

This decision was reached prior to the resignation of Judge MENCER.