505 A.2d 1363

Arthur N. Grenier, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs October 24, 1985, to Judges MACPHAIL, DOYLE and BARRY, sitting as a panel of three.

*Charles J. Tague, Jr., Stewart, Wood & Tague,* for petitioner.

*Jonathan Zorach,* Associate Counsel, with him, *Charles G. Hasson,* Acting Deputy Chief Counsel, for respondent.

OPINION BY JUDGE BARRY, March 10, 1986:

This appeal results from an order of the Unemployment Compensation Board of Review (Board) which affirmed a decision of the referee denying benefits to the claimant, Arthur N. Grenier, on the grounds that he left work without cause of a necessitous and compelling nature.

The claimant, at the time of his termination, was employed as the used car manager at Warrington Motors Co., Inc. As manager, he received a salary of $250.00 a week. In addition, he received a twenty percent commission on all used cars which he sold and a flat payment of $25.00 for each used car he purchased for resale by the employer. The claimant had been the used car manager for four and one-half months prior to his leaving the job. Before being promoted to manager, the claimant had been a used car salesman for approximately two years. Then he had re-

ceived a salary of $95.00 a week plus a twenty percent commission on all cars that he sold.

During the claimant's tenure as manager, his employer noticed a drastic reduction in used car sales, which averaged three a month as opposed to nine a month prior to his promotion. The employer therefore informed the claimant that a new manager was being hired and that the claimant could return to his prior job as a salesman. In spite of the $155.00 a week difference in salary, the employer testified and the referee found that the claimant had earned the same amount as a salesman as he had been receiving as manager. The employer testified that this was so because as a salesman claimant was able to devote all of his efforts to selling cars and, as a result, he sold more cars upon which he received his commission.

The claimant refused to accept the position as a salesman. He claimed that he would not be able to accept the reduction in salary. He, therefore, quit the job rather than accept the position as salesman. The claimant applied for benefits. Following a hearing, the referee denied benefits. The Board affirmed and this appeal followed.

Section 402(b) of the Unemployment Compensation Law, Act of December 5, 1936, P.L. (1937) 2897, 43 P.S. §802(b), renders ineligible for benefits any employee who voluntarily quits his or her job without necessitous and compelling reasons. Section 402(a), 43 P.S. §802(a), also renders ineligible for benefits any employee who without good cause refuses an offer of suitable work. The claimant's arguments concern these two sections and are essentially interrelated. He first argues that he had necessitous and compelling reasons for voluntarily quitting his job because of the reduction in his *salary*. He also argues that the offer of a job as a salesman at the lower *salary* was not suitable work because of the lower *salary*. We, however, do not agree.

The basic error in the claimant's argument is focusing solely on his salary when payment of commissions based on sales also constituted a part of his total *pay*. In *Morysville Body Works, Inc. v. Unemployment Compensation Board of Review*, 59 Pa. Commonwealth Ct. 486, 430 A.2d 376 (1981), we held that a twenty percent reduction in the employee's pay where duties remained the same was a substantial reduction in pay; as such, the employee had cause of a necessitous and compelling nature for voluntarily quitting her job. We cautioned that "there is no talismanic percentage figure that separates a substantial reduction from one that is not; *each case must be measured by its own circumstances.*" *Id.* at 489, 430 A.2d at 377.

In *Ship Inn, Inc. v. Unemployment Compensation Board of Review*, 50 Pa. Commonwealth Ct. 292, 412 A.2d 913 (1980), we held that an offer of work at a drastic reduction in pay was not an offer of suitable work. There, the claimant worked as a waitress at a set hourly rate; because she was also the head waitress, she received additional compensation. The employer proposed she continue her original functions without the additional compensation.

Both of these cases are not precedent here because they were based on the fact that the claimants would be required to perform all of their prior duties while being forced to accept a substantial reduction in weekly earnings. There is simply no such reduction in the present case. While the claimant's salary was being reduced by $155.00 a week, he was being moved to a different job which had paid the same amount as the job as manager. Further, this history of past earnings as a salesman covered a period of two years prior to his promotion, so that history indicates that if the claimant put forth the same effort as he had previously, his earnings would not be reduced.

In *Tucker v. Unemployment Compensation Board of Review*, 14 Pa. Commonwealth Ct. 262, 264, 319 A.2d 195, 196 (1974), we stated:

> [W]hen any person is employed, he is employed to do a particular task at an assigned time, and at an assigned place. It does not follow that the employer agrees never to modify or change the task, the time, or the place. If the employer should decide to modify or change any of these and the change is reasonable, the employee must abide by the employer's decision at the risk of being ineligible for unemployment compensation if he refuses.

The claimant also argues that certain of the referee's factual findings are not supported by substantial evidence. We have reviewed those findings and are convinced they are all supported by substantial evidence in the record.

### ORDER

Now, March 10, 1986, the July 11, 1984 order of the Unemployment Compensation Board of Review at No. B-232389 is affirmed.