511 A.2d 940

Chester C. Pacini, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs September 11, 1986, to Judges CRAIG, COLINS and PALLADINO, sitting as a panel of three.

*Carlene R. Gallo,* for petitioner.

*Samuel H. Lewis,* Associate Counsel, with him, *Paul E. Baker,* Acting Deputy Chief Counsel, for respondent.

OPINION BY JUDGE COLINS, December 4, 1986:

Chester C. Pacini (petitioner) appeals an order of the Unemployment Compensation Board of Review (Board) which affirmed a referee's decision finding him ineligible for unemployment compensation benefits on account of his voluntary termination.[1]

Petitioner had been employed by A & P Tea Company as a clerk for thirty-nine and one-quarter (39¼) years when he terminated his employment. Petitioner

---

[1] Section 402(b)(1) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(b)(1).

felt that he had no choice but to terminate his employment since, under the soon-to-be-ratified collective bargaining agreement which would control the terms of his employment, petitioner believed that he faced yearly reductions from his pension plan, as well as reductions in pay and vacation time. Under these circumstances, petitioner accepted an offer from his employer and retired at age fifty-eight (58) in order to preserve his pension plan.

After a hearing,[2] the referee determined that petitioner had voluntarily retired from his employment and was ineligible for benefits. The Board affirmed the decision of the referee, and this appeal followed.

The issue before this Court is whether the Board erred in concluding that petitioner had voluntarily terminated his position without necessitous and compelling cause.

In unemployment compensation cases, the claimant has the burden of proving eligibility for benefits. *Hughes v. Unemployment Compensation Board of Review,* 51 Pa. Commonwealth Ct. 448, 450, 414 A.2d 757, 758 (1980). Where a claimant has voluntarily terminated his work, the claimant bears the burden of proving that such termination was with cause of a necessitous and compelling nature. *Borman v. Unemployment Compensation Board of Review,* 12 Pa. Commonwealth Ct. 241, 316 A.2d 679 (1974).

In light of our Supreme Court's recent decision in *Estate of McGovern v. State Employes' Retirement Board,* 512 Pa. 377, 517 A.2d 523 (1986), our scope of review is limited to a determination of whether constitutional rights have been violated, an error of law has

---

[2] The petitioner was not represented by counsel at the hearing before the referee.

been committed, or whether any necessary findings of fact made by the agency are not supported by substantial evidence. *See also* Section 704 of the Administrative Agency Law, 2 Pa. C. S. §704. Bound as we are by this scope of review, we are compelled to affirm the Board's determination.

The gist of petitioner's argument is that he faced extremely disadvantageous economic terms under the proposed collective bargaining agreement and, thus, had no choice but to terminate his employment. For this reason, petitioner argues that he deserves unemployment compensation because his termination was involuntary, or, put another way, his termination, although voluntary, was the result of necessitous and compelling cause.

In support of his position, petitioner cites *National Aluminum Corp. v. Unemployment Compensation Board of Review*, 59 Pa. Commonwealth Ct. 359, 429 A.2d 1259 (1981) and *Morysville Body Works, Inc. v. Unemployment Compensation Board of Review*, 59 Pa. Commonwealth Ct. 486, 430 A.2d 376 (1981) which stand for the respective propositions that: (1) a substantial unilateral change in the terms and conditions of employment is cause of a necessitous and compelling nature; and (2) a substantial reduction in pay can constitute necessitous and compelling cause.

The issue of whether termination is regarded as voluntary or involuntary is ultimately a question of law. However, the resolution of that question is dependent upon the underlying facts as found by the compensation authorities. *Re David v. Unemployment Compensation Board of Review*, 56 Pa. Commonwealth Ct. 547, 550, 425 A.2d 71, 72 (1981) (citations omitted). In reaching a determination, the Board must consider the totality of the circumstances in determining whether petitioner's termination was voluntary or involuntary. *Philadelphia*

*Parent Child Center, Inc. v. Unemployment Compensation Board of Review,* 44 Pa. Commonwealth Ct. 452, 403 A.2d 1362 (1979).

In the case *sub judice,* the referee and subsequently the Board took into consideration all of the factors raised by the petitioner as grounds for involuntary termination. In so doing, the Board met the requirement that it consider all the circumstances which might have a bearing on whether petitioner's termination was voluntary or involuntary. Additionally, the referee's findings of fact Nos. 2, 3, 4, 7, and 8 established that petitioner was a union member who *voluntarily* retired prior to the ratification of a new collective bargaining agreement in order to protect a potential reduction in pension, salary, and benefits.

In approving these findings, the Board recognized that there was substantial evidence[3] in support of the referee's denial of benefits. Therefore, the only issue before this Court is whether the Board has made an error of law in concluding that petitioner had voluntarily terminated his employment without necessitous and compelling cause.

The Board, in reaching its conclusion, was, no doubt, strongly influenced by the fact that the proposed changes in petitioner's terms of employment were the subject matter of negotiations to which petitioner, as a member of the United Food and Commercial Workers Union, was a party. This fact rebuts petitioner's argument that the proposed terms of employment were the result of unilateral action by the employer.

---

[3] This Court, in unemployment compensation cases, has long held that: "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *See Crisswell v. Unemployment Compensation Board of Review,* 38 Pa. Commonwealth Ct. 444, 393 A.2d 107 (1978).

Furthermore, the Board, in all likelihood, was influenced in reaching its conclusion by the fact that the gravamen of petitioner's argument is that the proposed reductions in his pension plan forced him to terminate his employment. Yet, an analysis of the proposed reductions indicates that they were not substantial enough to compel petitioner's retirement. This renders petitioner's second argument inoperative.

The petitioner's base pay (gross weekly pay irrespective of overtime) was $321.00 per week at the time of termination. Therefore, the proposed $10.00 weekly reduction in petitioner's pay amounted to a 3.1 percent pay cut. Although this Court recognizes no talismanic percentage figure governing reductions in pay, clearly a 3.1 percent pay cut is not a substantial figure sufficient to establish necessitous and compelling cause. *See Ship Inn, Inc. v. Unemployment Compensation Board of Review,* 50 Pa. Commonwealth Ct. 292, 412 A.2d 913 (1980) (wherein a 22 percent cut in a waitress' salary from $67.80 per week to $52.80 per week was held to be necessitous and compelling cause for termination).

With regard to the proposed reductions in petitioner's pension plan, the mathematics of the situation establishes that these reductions were not as severe as claimed. Petitioner has asserted that he faced a reduction from a pension plan valued at $18.00 per month per year of service (according to the 1982 collective bargaining agreement) to a pension plan which would decrease in value so as to be valued at $15.00 per month per year of service after January 1, 1985.

However, our review of the record has established that when petitioner voluntarily terminated his employment on November 30, 1984, his pension plan multiplier, as frozen, was valued at $17.00. Therefore, we begin with a $17.00 figure as opposed to an $18.00 figure. Furthermore, a letter from petitioner's Union dated Oc-

tober 29, 1984, indicated that those who did not voluntarily retire so as to freeze their benefits would have their years of service valued at $16.00 per month per year of service up until December 31, 1984, and $15.00 per month per year of service after January 1, 1985. In other words, petitioner did not face a stepwise yearly reduction as to the value of his years of service. Instead, he faced a $1.00 cut in the valuation of his years *served* under the pension plan (or a $16.00 valuation), and a valuation of $15.00 per month per year of service for *future* years. Additionally, since petitioner has stated that the collective bargaining agreement in place for ratification was only for a nine-month period, we need only consider the $1.00 cut in the pension plan as grounds for involuntary termination.

Under these facts, where petitioner faced a $1.00 reduction in the multiplier of his pension plan at the time of termination (a 5.9 percent reduction in value), we cannot say that it supplies petitioner with necessitous and compelling cause for termination. Therefore, we agree with the underlying premise of the Board in denying compensation; namely, that the proposed reductions in pay and benefits were too speculative and insubstantial.

In the instant case, the Board did not set forth the legal precedent upon which it relied in affirming the decision of the referee. We find no error in this, but now take the opportunity to review the law which is supportive of the Board's determination. We find that this case is controlled by *Duquesne Light Co. v. Unemployment Compensation Board of Review*, 62 Pa. Commonwealth Ct. 253, 436 A.2d 257 (1981). In *Duquesne,* this Court asserted that the elimination of certain fringe benefits by an employer as a requirement for continued employment did not constitute necessitous and compelling cause for leaving work. *Duquesne,*

62 Pa. Commonwealth Ct. at 256-257, 436 A.2d at 259, *citing Unemployment Compensation Board of Review v. Holohan,* 20 Pa. Commonwealth Ct. 381, 341 A.2d 587 (1975).

Although *Duquesne* is somewhat factually different from the case under consideration, in that it involved a fringe benefits freeze rather than a proposed reduction in benefits and wages, we find it accords more closely to the facts of this case than do the substantial changes in the terms of employment at issue in *National Aluminum* or *Morysville Body Works* (where, in the first instance, the claimant's job function was unilaterally changed from that of a skilled typist to a clerical worker and, in the other instance, there was a reduction of approximately 25 percent in pay).

Additionally, we note that in *Duquesne,* there was some controversy as to whether the employment benefits at issue had already been frozen at the time of termination. (as the Board had found) or were at that time merely the objects of a proposed freeze. This Court, in an opinion authored by Judge CRAIG, found that the asserted benefits freeze was in the proposal stage. Although Judge CRAIG did not treat this fact as dispositive, he concluded, in reversing the Board's determination, that the circumstances of the case did not constitute cause of a necessitous and compelling nature sufficient to justify claimant's retirement. *Duquesne,* 62 Pa. Commonwealth Ct. at 256, 436 A.2d at 259.

In the instant case, there can be no doubt that the reductions with which petitioner takes issue were in the proposal stage. This fact necessarily adds to the insubstantiality of petitioner's position wherein petitioner must establish necessitous and compelling cause for termination. *See Taylor v. Unemployment Compensation Board of Review,* 474 Pa. 351, 378 A.2d 829 (1977) (stating that necessitous and compelling cause for voluntari-

ly leaving one's employment results from circumstances which produce pressure to terminate employment that is both real and substantial, and which would compel a reasonable person under the circumstances to act in the same manner).

After reviewing the record in this case, we find that the Board did not err in concluding that petitioner lacked necessitous and compelling cause for termination at the time of retirement.

Accordingly, we are bound to affirm the Board's denial of unemployment compensation benefits.

## ORDER

AND NOW, this 4th day of December, 1986, the order of the Unemployment Compensation Board of Review, Decision No. B-239525, dated April 12, 1985, is affirmed.