**Philip S. MAURO, Petitioner,**

v.

**UNEMPLOYMENT COMPENSATION BOARD OF REVIEW,**
**Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Jan. 21, 2000.

Decided May 5, 2000.

As Amended May 5, 2000.

Peter J. McNamara, Philadelphia, for petitioner.

Carol J. Mowery, Harrisburg, for respondent.

Before DOYLE, President Judge, and FRIEDMAN, J., and MIRARCHI, Jr., Senior Judge.

FRIEDMAN, Judge.

Philip S. Mauro (Claimant) appeals from an order of the Unemployment Compensation Board of Review (UCBR) affirming the order of a referee that denied Claimant unemployment benefits pursuant to section 402(b) of the Unemployment Compensation Law (Law).[1] We reverse.

---

1. Act of December 5, 1936, Second Ex.Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 802(b), states that an employee shall be ineligible for compensation for any week in which unemployment is due to voluntarily

On April 12, 1999, Claimant began working as a carpenter/foreman for Pencose (Employer). However, Claimant voluntarily left this position on April 19, 1999 after one week of employment. (Referee's[2] Findings of Fact, Nos. 1, 4.)

Claimant applied for unemployment compensation at the local job center, stating that he left the position with Employer because Employer breached the time-of-hire agreement it had made with Claimant with respect to Claimant's work hours and work locations. Claimant explained that, at his job interview, he told Employer that: (1) he was a single parent with a two-year-old daughter who is in day care from 7:00 a.m. until 3:30 p.m. or 4:00 p.m.; (2) his work hours had to coincide with his daughter's day care schedule; and (3) he could work at Employer's King of Prussia site but not "all over." (R.R. at 2a–3a.) Claimant also informed the job center that Employer agreed to these terms and conditions of Claimant's employment; however, after only a few days at work, Employer required that Claimant work longer hours and at different locations. (R.R. at 3a.) The local job center determined that Claimant quit because of child care problems and that he was ineligible for benefits under section 402(b) of the Law. (R.R. at 5a.)

Claimant filed an appeal, asserting once again that, when Employer hired him, Employer agreed to allow Claimant to work certain hours because of his daughter's day care needs. (R.R. at 7a.) A hearing was scheduled before a referee, but Employer did not appear at the hearing. Claimant appeared and testified that, upon being hired, Employer agreed to allow him to work certain hours and at

certain locations because of his daughter; however, Employer ignored the agreement only four days after Claimant began working for Employer. (R.R. at 14a–15a.) Claimant also testified that, before he quit on April 19, 1999, he asked Employer "if there's something that could be worked out with me, my daughter, and the company, because [of the] ... daycare." (R.R. at 16a.) When the referee asked Claimant about Employer's response, Claimant answered: "He just said ... you got to do what you got to do." (R.R. at 17a.) The referee then asked whether Claimant requested a specific change in his work hours when he quit, and Claimant stated: "No." (R.R. at 17a.) After considering the evidence presented, the referee denied Claimant benefits under section 402(b) of the Law because, when he quit, Claimant did not request a specific change in his work hours. (R.R. at 20a–21a.)

Claimant filed an appeal with the UCBR, stating yet again that, upon being hired, Employer agreed to allow Claimant to work certain hours and at certain locations because of his daughter. (R.R. at 24a.) Claimant requested another hearing, with Employer present, so that Claimant could question Employer regarding Employer's agreement with Claimant. (R.R. at 24a.) The UCBR denied Claimant's request for an additional hearing and affirmed the referee's decision. (R.R. at 25a.)

On appeal to this court,[3] Claimant argues that the UCBR erred as a matter of law in denying him benefits based on his failure to request a specific change in work hours before quitting.[4] We agree.

■ In a voluntary termination case, the claimant has the burden of proving

leaving work without cause of a necessitous and compelling nature.

2. The UCBR did not make its own findings of fact. In affirming the referee's decision, the UCBR, by implication, adopted the findings of the referee.

3. Where, as here, the burdened party is the only party to present evidence and does not prevail, our scope of review is limited to de-

termining whether an error of law was committed and whether there was a capricious disregard of competent evidence. *L. Washington & Associates, Inc. v. Unemployment Compensation Board of Review,* 662 A.2d 1148 (Pa.Cmwlth.1995).

4. The UCBR argues in its brief that Claimant has waived any challenge to the UCBR's findings because Claimant did not challenge the findings in his petition for review. (UCBR's

that he or she had a necessitous and compelling cause for leaving employment. *Ganter v. Unemployment Compensation Board of Review*, 723 A.2d 272 (Pa. Cmwlth.1999). Cause of a necessitous and compelling nature "results from circumstances which produce pressure to terminate employment that is both real and substantial, and which would compel a reasonable person under the circumstances to act in the same manner." *Taylor v. Unemployment Compensation Board of Review*, 474 Pa. 351, 358–59, 378 A.2d 829, 832–33 (1977). A claimant must also establish that he or she acted with ordinary common sense and made a reasonable effort to preserve the employment. *Fitzgerald v. Unemployment Compensation Board of Review*, 714 A.2d 1126 (Pa. Cmwlth.1998). However, in that regard, "this [c]ourt has never required a claimant to perform a futile act. . . ." *St. Barnabas, Inc. v. Unemployment Compensation Board of Review*, 106 Pa.Cmwlth. 191, 525 A.2d 885, 887 (1987).

█ Here, the UCBR denied Claimant benefits because it believed that Claimant did not make a reasonable effort to preserve his employment. The UCBR believed that, to satisfy this burden, Claimant had to request a specific change in his work hours. However, Claimant testified that, when he quit, he *did* ask Employer "if there's something that could be worked out" between him and Employer because of his daughter's day care,[5] and Employer replied, "you got to do what you got to do." (R.R. at 16a–17a.) Certainly, Employer must have understood from Claimant's request to "work something out" that Claimant wanted work hours that suited his daughter's day care schedule, which Employer had assured him of working only days earlier. Thus, Claimant's request was a reasonable effort to preserve his employment.[6] Indeed, when Employer responded to that request by stating "you got to do what you got to do," it would have been futile for Claimant to pursue the matter further by once again proposing the specific work hours that would coincide with his daughter's day care schedule.[7] Therefore, we hold that the UCBR erred in denying benefits to Claimant simply because he did not request a specific change in his work hours when he quit.

█ Moreover, we note that, even if Claimant had not asked Employer whether "there's something that could be worked

brief at 4.) We disagree. Paragraph eight of Claimant's petition for review specifically states that the UCBR "erred in *finding* that [Claimant] left [his employment] solely due to the location of work assignments." (Petition for Review, para. 8.) (Emphasis added.) Claimant certainly is correct that the record does *not* support the UCBR's finding. Rather, the record indicates throughout that Claimant quit because Employer did not keep its agreement with Claimant as to Claimant's work hours and work locations.

5. Thus, the record does not support the UCBR's finding that Claimant failed to request an accommodation for his daughter's day care needs before he quit.

6. Whether we applied the capricious disregard standard of review or the substantial evidence standard of review, our result would be the same because the record here simply does not support the UCBR's conclusion that Claimant failed to make a reasonable effort to preserve his employment.

7. Claimant testified that: (1) during his job interview with Employer, Employer agreed to allow Claimant to work specific hours to accommodate his daughter's day care; (2) he accepted Employer's job offer because Employer agreed to make that accommodation; and, (3) less than one week after starting work, Employer unilaterally changed his work hours. The UCBR did not reject Claimant's testimony, and made no findings to the contrary. Evidently, the UCBR did not believe that the employment agreement that Claimant negotiated with Employer at the time of his hiring was relevant to whether Claimant made a reasonable effort to preserve his employment. However, Claimant's testimony that he had negotiated specific work hours with Employer and Employer reneged on that agreement less than one week later is relevant to whether it would have been futile for Claimant to attempt to renegotiate those same hours when he quit.

out" with regard to his daughter's day care, Claimant would still prevail in this appeal. Ordinarily, in order to be eligible for benefits after a voluntary quit, a claimant must demonstrate that he attempted to preserve his employment. However, here, where Claimant negotiated the conditions of his employment one week prior to his quit, which was occasioned by Employer's unilateral change of those conditions,[8] it was an error of law for the UCBR to ignore the conditions for acceptance of employment and to require Claimant to perform what would have been an obviously futile act.

Because the UCBR erred in concluding that Claimant failed to make a reasonable effort to preserve his employment, we reverse.

## *O R D E R*

AND NOW, this 5th day of May, 2000, the order of the Unemployment Compensation Board of Review, dated July 30, 1999, is reversed.

---

**8.** It is well-settled that a substantial unilateral change in the terms and conditions of employment may furnish cause of a necessitous and compelling nature for leaving one's employment. *Shrum v. Unemployment Compensation Board of Review*, 690 A.2d 796 (Pa. Cmwlth.), *appeal denied*, 548 Pa. 663, 698 A.2d 69 (1997). Here, the UCBR erred in failing to consider competent evidence that Employer substantially and unilaterally changed Claimant's work hours and work locations only four days after Claimant began to work for Employer. Such a change, by itself, is sufficient to establish that Claimant had a necessitous and compelling cause for leaving his employment. *See A–Positive Electric v. Unemployment Compensation Board of Review*, 654 A.2d 299 (Pa.Cmwlth.1995) (holding that the claimant had necessitous and compelling cause for leaving her employment because the employer agreed to give the claimant a raise and to pay the claimant's child care costs but, one month later, told her he could not do so).