IN THE COMMONWEALTH COURT OF PENNSYLVANIA

JBM Legal, LLC,            :
                               :
                 Petitioner   :
                               :
       v.                 :  No. 571 C.D. 2020
                               :  Submitted: February 8, 2021
Unemployment Compensation   :
Board of Review,          :
                               :
            Respondent :

BEFORE:   HONORABLE RENÉE COHN JUBELIRER, Judge
                HONORABLE MICHAEL H. WOJCIK, Judge
                HONORABLE J. ANDREW CROMPTON, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WOJCIK                          FILED: July 14, 2021

JBM Legal (Employer) petitions for review of the May 22, 2020 order of the Unemployment Compensation Board of Review (Board), which affirmed a referee's determination that Grace Yearwood (Claimant) is not ineligible for unemployment compensation (UC) benefits under Section 402(b) of the Unemployment Compensation Law (Law).[1] We affirm.

Claimant was last employed as a part-time administrative employee for Employer from January 2, 2018, until June 27, 2019, at a final pay rate of $18.05

_____

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(b). Section 402(b) provides that an employee shall be ineligible for compensation for any week in which her unemployment is due to voluntarily leaving work without cause of a necessitous and compelling nature.

per hour. Claimant was on unpaid maternity leave from June 27, 2019, and intended to return to work on August 20, 2019. Claimant was unable to return to work and applied for UC benefits. The local service center determined that Claimant was ineligible for UC benefits because she voluntarily quit her job without a necessitous and compelling reason. Certified Record (C.R.) at 31-32. Claimant appealed the notice of determination, and a referee held a hearing. *Id.* at 41.

Employer's principal did not appear at the hearing. Employer's office manager testified that Claimant was hired as a full-time paralegal in 2018. Claimant was attending school throughout her employment with Employer. Employer reduced Claimant's hours at her request in February 2019. Reproduced Record (R.R.) at 93a-94a. Employer's office manager testified that Claimant's part-time position was created as an accommodation for her during her pregnancy. *Id.* at 98a. When Claimant returned from maternity leave, Employer had a full-time paralegal position at the same pay rate available for her, but the administrative part-time position in which Claimant had worked immediately prior to her maternity leave was not available. *Id.* Employer's office manager testified that when Claimant declined the full-time paralegal position, Employer offered her a part-time paralegal position at $15.00 an hour with a $100.00 monthly parking allowance. *Id.*

Claimant disputed Employer's office manager's testimony. Claimant testified that Employer had previously promised to accommodate her school schedule and that Employer knew that she required part-time hours. C.R. at 99. Claimant stated that prior to her maternity leave in June 2019, she worked reduced hours due to Employer's toxic work environment and the stress that it caused her. Claimant testified that she contacted Employer seeking to return from maternity leave on August 20, 2019, to the part-time position that she held immediately prior

2

to maternity leave. The testimony revealed that Employer had offered her a full-time position, or a part-time position at a reduced hourly rate of $15.00 and $100.00 parking reimbursement because Employer's "revenues had changed." *Id.* at 94-96.

After considering the testimony and documentary evidence, the referee determined that Claimant was not ineligible for UC benefits under Section 402(b) of the Law. C.R. at 120-22. The referee found that Claimant decided not to return to work after her maternity leave due to the reduction in her pay and her dissatisfaction with the work environment. *Id.* at 119. The referee noted that the $3.00 decrease in her hourly pay rate was fairly substantial. *Id.* at 121. The referee determined that Claimant had met her burden of proving that she left her job for a necessitous and compelling reason. *Id.* Employer appealed to the Board.

The Board remanded the matter to the referee for a second hearing to receive testimony and evidence on Employer's principal's reason for failing to appear at the previous hearing. Employer's principal testified that a scheduling conflict prevented her appearance at the previous hearing. Employer's principal testified that Claimant was offered a full-time paralegal position at the same rate of pay upon her return from maternity leave. C.R. at 171. Employer's principal stated that Claimant's part-time position immediately prior to maternity leave was only a temporary accommodation for Claimant's pregnancy. *Id.* Employer's principal testified that the part-time position Claimant held as a pregnancy accommodation was not available, but Employer was able to split the full-time paralegal position into two part-time paralegal positions. Employer's principal offered Claimant the part-time paralegal position at $15.00 an hour after Claimant declined to return to her full-time paralegal position. *Id.*

3

The Board determined that Claimant was eligible for benefits because she voluntarily terminated her employment for a necessitous and compelling cause. Specifically, the Board found as fact:

2. [Claimant] was working in a full-time paralegal position of 40 hours weekly with a salary of $37,500 until the fall of 2018, when she began attending school and was only able to work 35 hours weekly.

3. [Employer] accommodated [Claimant's] part-time work schedule.

4. In November of 2018, [Claimant] informed [Employer] that she was pregnant.

5. In January of 2019, [Employer] switched [Claimant] from salary to an hourly rate of $18.05 with paid parking of $250 per month.

6. In February of 2019, [Claimant] informed [Employer] that she was stressed from being spoken to by [Employer's principal] in a condescending manner and blamed for things she did not do. [Claimant] requested part-time working hours of 20 hours weekly.

7. [Employer] accommodated [Claimant's] part-time work schedule request and transferred [Claimant] from paralegal duties to administrative duties at the same pay rate of $18.05 per hour with paid parking of $250 per month.

8. On June 28, 2019, [Claimant] began an unpaid maternity leave of absence.

9. [Claimant] expected to return to work on August 20, 2019; however, [Employer] informed [Claimant] that work was slow and she could not return to work until September.

4

10. [Employer] wanted [Claimant] to return to a full-time paralegal position but [Claimant] indicated she could not do so because of attending school.

11. [Claimant] met with [Employer's principal] and informed [Employer] she could work 30 hours per week as a paralegal. [Claimant] also provided a copy of her school schedule.

12. Thereafter, [Employer] offered [Claimant] a part-time paralegal position for 20 hours weekly at a pay rate of $15 per hour with a $100 parking reimbursement.

13. [Claimant] informed [Employer] that the decrease in pay and parking allowance was not going to work for her.

14. [Claimant] quit her employment due to a substantial change in the working conditions.

C.R. at 212-14. The Board determined that Employer's offer of a part-time paralegal position at a reduced rate of pay and parking reimbursement, coupled with the change in job duties, constituted a substantial and unilateral change in working conditions. *Id.* at 215. Employer appealed to this Court.[2]

Initially, we note that a claimant is ineligible for UC benefits under Section 402(b) of the Law if she voluntarily terminates her employment without a necessitous and compelling reason. The claimant bears the burden of proving that a necessitous and compelling reason existed. An employer's implementation of an unreasonable, unilateral change in the employment agreement constitutes a reason of necessitous and compelling nature for an employee to voluntarily quit her employment. *A-Positive Electric v. Unemployment Compensation Board of Review*, 654 A.2d 299, 302 (Pa. Cmwlth. 1995). A substantial reduction in pay can constitute

_____

[2] Our scope of review is limited to determining whether constitutional rights were violated, whether an error of law was committed, or whether necessary findings of fact are supported by substantial evidence. 2 Pa. C.S. §704.

5

a necessitous and compelling reason. *Id.* "[T]here is no talismanic percentage figure which separates a substantial reduction from one that is not. Each case must be measured by its own circumstances." *Ship Inn, Inc. v. Unemployment Compensation Board of Review*, 412 A.2d 913, 915 (Pa. Cmwlth. 1980).

"Further, the Board is the ultimate fact []finder in unemployment compensation matters and is empowered to resolve all conflicts in the evidence, witness credibility, and weight accorded the evidence." *Ductmate Industries, Inc. Unemployment Compensation Board of Review*, 949 A.2d 338, 342 (Pa. Cmwlth. 2008). It is irrelevant whether the record evidence can support findings other than those made by the Board; the crucial inquiry is whether there is evidence to support the findings actually made. *Id.* If the Board's findings are supported by substantial evidence, they are binding on appeal. *Id.*

On appeal, Employer argues that the Board erred in determining that Claimant had a necessitous and compelling reason to voluntarily quit her job. Employer argues that Claimant was offered the option to return to the position that she held prior to February 2019. Employer argues that it was under no obligation to offer Claimant the position that she held immediately prior to maternity leave because it was an accommodation for her pregnancy.

The Board resolved the conflict in testimony in favor of Claimant and found that Claimant's requested reduction to part-time hours in February 2019 was due to a toxic work environment, not because of her pregnancy. The Board did not credit Employer's principal's or the office manager's testimony that the reduction of Claimant's hours in February 2019 was a temporary pregnancy accommodation. Because the Board is the ultimate fact finder, these credibility determinations will not be disturbed on appeal. *Id.* Therefore, the February 2019 reduction of

6

Claimant's hours was a new employment agreement. *Naylon v. Unemployment Compensation Board of Review*, 477 A.2d 912, 913 (Pa. Cmwlth. 1984) ("In general, once an employee has accepted new terms of employment, he has conceded their suitability and may not later claim that dissatisfaction with those terms constitutes cause of a necessitous and compelling nature.").

Claimant had worked under the new terms of her employment for four months before taking an unpaid maternity leave in June 2019. Claimant was willing to return from maternity leave to the position in which she was working prior to the leave, but Employer did not make that position available to her. Upon Claimant's return, Employer offered Claimant a full-time position, or a part-time position with different job duties at a substantially reduced rate of pay and reduced parking allowance. The Board properly concluded that the reduction in Claimant's pay rate and parking allowance, coupled with the change in her job duties, was a necessitous and compelling reason for Claimant to voluntarily quit her employment under Section 402(b) of the Law.

Accordingly, we affirm the Board's order.

_____
MICHAEL H. WOJCIK, Judge

7

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

JBM Legal, LLC,                          :
                                         :
                    Petitioner           :
                                         :
            v.                           :  No. 571 C.D. 2020
                                         :
Unemployment Compensation                :
Board of Review,                         :
                                         :
                    Respondent           :


# **O R D E R**


AND NOW, this 14th day of July, 2021, the Order of the Unemployment Compensation Board of Review, dated May 22, 2020 is AFFIRMED.


_____

MICHAEL H. WOJCIK, Judge