**PHILADELPHIA GAS WORKS,**
Petitioner,

v.

**UNEMPLOYMENT COMPENSATION
BOARD OF REVIEW,**
Respondent.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Dec. 8, 1995.

Decided Jan. 31, 1996.

Michael D. Jones, for Petitioner.

Clifford F. Blaze, Deputy Chief Counsel, for Respondent.

Before COLINS, President Judge, and DOYLE, J., and RODGERS, Senior Judge.

RODGERS, Senior Judge.

Philadelphia Gas Works (Employer) petitions for review of an order of the Unemployment Compensation Board of Review (Board), dated May 26, 1995, which, after a second remand issued by this Court, affirmed a referee's award of compensation to Johnny D. Chiles (Claimant). Again the Board concluded that Claimant was not disqualified from receiving benefits under the provisions of Section 402(e) of the Unemployment Compensation Law (Law).[1]

---

1. Act of December 5, 1936, Second Ex.Sess., P.L. (1937) 2897, *as amended,* 43 P.S. § 802(e).

This case is on appeal to this Court for the third time, and we again set forth the relevant facts as follows. Claimant was discharged on October 6, 1992, after receiving a third positive result on a drug test in violation of Employer's policy regarding drug and alcohol abuse. Claimant's application for benefits was denied by the Office of Employment Security (OES) pursuant to Section 402(e) of the Law, which provides that an employee "shall be ineligible for compensation for any week ... [i]n which his unemployment is due to his discharge or temporary suspension from work for willful misconduct connected with his work."

At a hearing before a referee, Employer presented testimony and other evidence, including laboratory reports, which together established that Employer had a drug policy which provided for discharge upon a third positive test result, that Claimant had tested positive for cocaine on July 31, 1991 and on December 12, 1991, and that Claimant received a third positive test result on September 18, 1992, after Claimant had completed an in-patient rehabilitation program. With regard to the latter test, Dr. Barlow, Employer's Medical Review Officer, testified that he was involved in the testing procedures, that Claimant was selected at random, that his medical department produced a witnessed urine specimen which was processed according to federal government regulations, that a positive test result was received from a certified laboratory, and that he personally interviewed Claimant and determined that there was no legitimate medical explanation for the confirmed positive test other than unauthorized use by Claimant.

Dr. Barlow testified that Claimant denied use of the drug and requested a second test of his urine by a certified laboratory of his choice. The unauthorized use of cocaine was confirmed by this second test. Dr. Barlow offered the laboratory reports which were admitted without objection and also offered the chain of custody file to which again there was no objection.[2] At no point was any objection made to the admissibility of the laboratory reports or to any alleged gaps in the chain of custody.

Claimant testified that he was aware of Employer's drug policy, but that he had not used any drugs in 1992. The referee reversed the OES' determination and awarded Claimant benefits, reasoning that the laboratory report of Claimant's third test, standing alone, was not competent evidence that Claimant violated Employer's policy.

Employer appealed to the Board, which affirmed the referee's decision. In its decision, dated May 10, 1993, the Board found that Claimant had been discharged for allegedly receiving three positive drug tests. However, the Board concluded that Employer's evidence regarding Claimant's third positive test result was not competent evidence which supported a finding of willful misconduct. The Board also found that Claimant had not used cocaine following his completion of the rehabilitation program.

Employer filed a petition for review to this Court, which held that the Board had erred in determining that Employer's evidence of Claimant's third positive drug test was not competent evidence. In a memorandum opinion and order, this Court vacated the Board's order and remanded the case for reconsideration of its decision, instructing the Board to review all competent evidence, including the results of the laboratory tests. *Philadelphia Gas Works v. Unemployment Compensation Board of Review* (No. 1359 C.D.1993, filed February 25, 1994) (*Chiles I* ). The *Chiles I* court also noted that Claimant's testimony, if believed by the Board, was substantial evidence, citing *Borello v. Unemployment Compensation Board of Review,* 490 Pa. 607, 417 A.2d 205 (1980).

On remand, the Board vacated its prior order and issued a decision awarding Claimant benefits, concluding that Claimant was not ineligible for benefits under Section 402(e) of the Law. The Board's decision includes the following pertinent findings of fact:

2. Employer's policy provides that meter readers are subject to random drug testing. The employer's policy also provides that three positive drug tests well result in discharge.

---

2. It is not clear that this file became a part of the record.

3. The claimant was aware of the employer's policy.

4. The claimant had previously tested positive on a drug screen on July 31, 1991.

. . . .

8. The claimant again tested positive on a drug screen conducted on December 12, 1991.

. . . .

11. On September 18, 1992, the claimant was again randomly selected to submit to another drug test.

12. The results of the drug test were positive.

. . . .

14. Following the completion of his in-patient rehabilitation program, the claimant had not used cocaine nor any drugs in 1992.

(Board's April 22, 1994 Decision, pp. 1–2.)

The Board indicated that it had reviewed the evidence, including the results of laboratory tests, and that it allowed benefits after *finding Claimant's testimony that he had not used drugs in 1992 to be credible.*

For the second time, Employer petitioned for review of the Board's decision, arguing that the Board's findings are contradicted by overwhelming evidence. However, the Court, again in a memorandum opinion, determined that the Board's findings of fact were themselves contradictory. *Philadelphia Gas Works v. Unemployment Compensation Board of Review* (No. 1329 C.D.1994, filed December 29, 1994)·(*Chiles II*). The *Chiles II* court pointed out that, although the Board found Claimant to have tested positive for cocaine three times in violation of Employer's drug policy (the third time being the September, 1992 test), the Board also found Claimant not to have used drugs in 1992. The *Chiles II* court concluded:

> One of these findings is incorrect. Although the Board found Claimant's testimony credible, Claimant offered no explanation for the positive test results which were confirmed upon re-testing. Accordingly, we vacate the Board's decision and remand the case to the Board to determine which finding is correct.

(*Chiles II*, slip op. at 5.)

Again on remand, the Board vacated its April 22, 1994 decision. It issued a third decision, dated May 26, 1995, again awarding benefits to Claimant. This time the Board's findings of fact mirror those as stated in their prior decision as quoted above, except that Finding of Fact No. 12, which states "[t]he results of the drug test were positive" was deleted and Findings of Fact Nos. 12 and 13 (previously Nos. 13 and 14) were revised as follows:

> 12. The employer discharged the claimant for *allegedly* receiving three positive drug tests.

> 13. Following the completion of his in-patient rehabilitation program, the claimant had not used cocaine nor any drugs in 1992, *and could not have tested positive for the September 18, 1992 drug test.*

(Board's May 26, 1995 Decision, p. 2 (emphasis added to show additional language inserted in the Board's newest decision.))

The Board explained their revised decision as follows:

> The Board, as reflected in its present Findings, in the instant decision, finds the second finding to be correct—claimant had not used drugs in 1992 and specifically strikes its prior Finding that claimant had tested positive for cocaine three times, in violation of employer's drug policy. Claimant could not have tested positive for drugs when he had not used them during the relevant time. The Board, upon review of all of the evidence, including the results of the laboratory tests, allows benefits finding claimant's testimony to be credible that following his completion of his in-patient rehabilitation program, claimant had not used cocaine and had not used any drugs in 1992. Based upon this evidence, benefits are allowed in accordance with Section 402(e) of the Law.

(Board's May 26, 1995 Decision, p. 3.)

█ Employer now petitions for review

of the Board's latest decision.[3] Employer argues that the Board erred in ignoring an overwhelming amount of competent evidence that proved that Claimant violated Employer's drug policy and, thus, should be held ineligible for benefits pursuant to Section 402(e) of the Law. More specifically, the issue is whether the Employer's evidence of a positive drug test, corroborated by an independent drug test, can override the Board's credibility determination in Claimant's favor. We believe that it can under the limited circumstances here.

Initially, we rely on *Philadelphia Gas Works v. Unemployment Compensation Board of Review*, 654 A.2d 153 (Pa.Cmwlth. 1995) (*Johnson*), a willful misconduct case concerning the same employer that terminated another employee (Johnson) following a third positive drug test. Johnson was denied benefits by the OES and the referee, but the Board reversed, indicating that the drug test taken at work was allegedly positive and that Johnson had not used cocaine since before entering the rehabilitation program prior to the testing day.[4] The employer appealed to this Court raising the same issue it raises in the case before us. The *Johnson* court phrased the issue as "whether substantial evidence existed to support the determination of the Board." *Id.*, 654 A.2d at 157.

The *Johnson* court noted this Court's scope of review and set forth the test for substantial evidence.[5] Additionally, citing *Borello*, the court stated that "[a]lthough the Board is the ultimate factfinder [sic], the Board cannot ignore overwhelming evidence in favor of a contrary result which is not supported by the evidence." *Johnson*, 654 A.2d at 157.

The *Johnson* court recognized that the Board credited Johnson's testimony that he had not used cocaine since before entering the rehabilitation program; however, the court also discussed at length Dr. Barlow's testimony and the Board's failure to reject it. The court also noted Johnson's failure to object or dispute Dr. Barlow's testimony. The court additionally pointed out that the Board did not make any findings that the urine sample tested by Dr. Barlow was not Johnson's, as was Johnson's stated belief. Based on this review of the evidence, the court held that the employer's evidence was overwhelmingly undisputed and that:

> The Board ignored [the employer's] evidence and made a determination which was not supported by substantial evidence but was merely based upon its credibility determination in favor of Johnson. This Court has never permitted a Board's credibility determination, where not supported by the evidence, to be used to grant benefits where none would otherwise be granted under the law.

*Id.* 654 A.2d at 158.

As in *Johnson*, the evidence presented here by Employer reveals Claimant's violation of Employer's drug policy. As in *Johnson*, the evidence here consisted of positive test results shown in the laboratory reports, both Employer's report and Claimant's from a laboratory of his choice, and Dr. Barlow's testimony, which was not disputed by Claim-

---

3. Our scope of review in an unemployment compensation appeal is limited to determining whether an error of law was committed, constitutional rights were violated, or whether necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704. *Peoples First National Bank v. Unemployment Compensation Board of Review*, 159 Pa.Cmwlth. 134, 632 A.2d 1014 (1993).

4. The findings of fact in *Johnson* as stated by the Board show that a urine specimen was collected at 9:18 a.m., but because the temperature of the specimen was slightly elevated a second sample was requested at 11:10 a.m. A third specimen was provided that evening at the rehabilitation facility. The first and third specimens tested negative, while the 11:10 a.m. specimen tested positive.

5. Substantial evidence is such relevant evidence which a reasonable mind might accept as adequate to support the findings of the Board. *Mormak v. Unemployment Compensation Board of Review*, 135 Pa.Cmwlth. 232, 579 A.2d 1383 (1990). Our statement in *Chiles I* that, if believed, Claimant's testimony was substantial evidence has been interpreted too broadly by the Board and must be qualified. We indicated in *Chiles II* that the Board found Claimant credible despite his lack of an explanation for the two positive drug test results in September, 1992. On remand, the Board offered no explanation for ignoring the positive test results, which were confirmed upon retesting.

ant or discredited by the Board. In fact, there is not even any remote speculation that the laboratory results were in error.

Moreover, this Court in *Chiles I*, in discussing the admissibility of the Employer's test pursuant to Section 6108 of the Uniform Business Records as Evidence Act (UBR Act), 42 Pa.C.S. § 6108, noted that although Employer's test results from the SmithKline laboratory needed no corroboration, that test was corroborated by the positive result from the certified laboratory report prepared at Claimant's behest.

We recognize that under the UBR Act opinion testimony contained in hospital records has not been admissible, but that fact evidence contained in such records has been admissible. *Commonwealth v. Xiong*, 428 Pa. Superior Ct. 136, 630 A.2d 446 (1993), *appeal denied*, 537 Pa. 609, 641 A.2d 309 (1994). The rationale behind the opinion versus fact admissibility under the UBR Act centers on the question of reliability. *Commonwealth v. Seville*, 266 Pa. Superior Ct. 587, 405 A.2d 1262 (1979). "No such doubts as to reliability and accuracy are entertained when a record is offered merely to prove facts, such as the event of hospitalization, treatment prescribed, symptoms given, or the existence of some readily ascertained substance or chemical within the body." *Id.* at 592, 405 A.2d at 1264.

In *Seville*, the issue was whether the licensee's blood alcohol test could be admitted without the presence at trial of the hospital technician who administered the test. The court held that "the test is in the realm of medical fact. Courts and legislatures have now accepted the blood test as 'undeniably accurate' and we will not burden the Commonwealth with producing witnesses to establish a fact which experience has proven to be trustworthy." *Id.* at 594, 405 A.2d at 1266.

■ The holding in *Seville* that the blood test is medical fact reinforces the holding in *Johnson*. The Board cannot ignore the results of the urine tests and conclude that Claimant's self-serving testimony that he did not use cocaine is credible without more. Although witness credibility is not subject to review on an appeal to this Court, we can and should consider the competency and sufficiency of the evidence presented to determine whether the evidence believed is sufficient to support the findings. *See Werner v. Workmen's Compensation Appeal Board (Brother's Trucking)*, 663 A.2d 896 (Pa. Cmwlth.1995).[6] We are not persuaded that it does.

Thus, the Board erred as a matter of law in concluding that Claimant was not ineligible for benefits under Section 402(e) of the Law. Finding of Fact No. 13, wherein the Board finds that Claimant could not have tested positive on the September 18, 1992 drug test, is not based on substantial evidence. Nothing in the record can support such a finding. The test result evidence clearly indicates that the result was positive.

Accordingly, we reverse.

### ORDER

NOW, January 31, 1996, the order of the Unemployment Compensation Board of Review, dated May 26, 1995, at No. B–312005, is reversed.

---

**6.** This statement of the law applies to both unemployment compensation cases and workers' compensation cases. The only difference is the designation of the fact finder.