# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Brent L. Bowers,            :
              Petitioner       :
                                :
          v.                   :
                                :
Unemployment Compensation      :
Board of Review,            :    No. 798 C.D. 2016
              Respondent    :    Submitted: January 27, 2017


BEFORE:    HONORABLE P. KEVIN BROBSON, Judge
               HONORABLE ANNE E. COVEY, Judge
               HONORABLE JOSEPH M. COSGROVE, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY                           FILED: April 4, 2017

Brent L. Bowers (Claimant) petitions this Court for review of the Unemployment Compensation (UC) Board of Review's (UCBR) March 11, 2016 order affirming the Referee's decision denying him UC benefits. Essentially, the issue before the Court is whether the UCBR erred by determining that Claimant is ineligible for benefits pursuant to Section 402(e.1) of the UC Law (Law).[1] After review, we affirm.

Claimant was employed by GMS Mine Repair and Maintenance, Inc. (Employer) as a full-time miner from March 14, 2014 to August 21, 2015. Employer

---

[1] Act of December 5, 1936, Second Ex.Sess., P.L. (1937) 2897, *as amended*, added by Section 3 of the Act of December 9, 2002, P.L. 1330, 43 P.S. § 802(e.1) (relating to failure to submit and/or pass a drug test).

Claimant's Statement of Questions Involved included the following issues: (1) whether the UCBR capriciously disregarded evidence of another drug test; and, (2) whether Claimant would have prevailed if the disallowed evidence had been admitted. Because the two issues relate specifically to whether the UCBR erred by determining that Claimant is ineligible for benefits pursuant to Section 402(e.1) of the Law, both questions will be considered together herein.

has a substance abuse policy that prohibits employees from reporting for work while under the influence of illegal drugs (Drug Policy). The Drug Policy also provides that Employer may conduct random drug testing, and that a positive test will result in corrective action, up to and including discharge. Claimant signed an acknowledgement that he read, understood and agreed to abide by Employer's Drug Policy. On August 3, 2015, Claimant submitted to a random drug test conducted in accordance with the Drug Policy. Claimant tested positive for marijuana. Employer initially suspended Claimant pending review of the matter. On August 26, 2015, Claimant was discharged for violating the Drug Policy.

On August 26, 2015, Claimant filed for UC benefits. On September 15, 2015, the Lancaster UC Service Center (UC Service Center) issued a determination denying Claimant UC benefits under Section 402(e.1) of the Law. Claimant appealed and Referee hearings were held.[2] On January 28, 2016, the Referee affirmed the UC Service Center's determination. Claimant appealed to the UCBR. On March 11, 2016, the UCBR adopted the Referee's findings and conclusions, and affirmed the Referee's decision.[3] Claimant appealed to this Court.[4]

Claimant argues that the UCBR erred by determining that Claimant is ineligible for benefits pursuant to Section 402(e.1) of the Law. Claimant specifically contends that the UCBR capriciously disregarded a separate, negative test result obtained on August 4, 2015. We disagree.

---

[2] Initially, a Referee hearing was held on December 10, 2015 relative to the appeal's timeliness. After the Referee determined that Claimant's appeal was timely, a telephone hearing on the merits was held on January 4, 2016. *See* Notes of Testimony, December 10, 2015 (N.T.) at 3, 11.

[3] On March 26, 2016, Claimant sought reconsideration of the UCBR's decision, which the UCBR denied on April 11, 2016. *See* C.R. Item 16.

[4] "Our scope of review is limited to determining whether constitutional rights were violated, whether an error of law was committed, or whether the findings of fact were unsupported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704." *Turgeon v. Unemployment Comp. Bd. of Review*, 64 A.3d 729, 731 n.3 (Pa. Cmwlth. 2013).

Initially, Section 402(e.1) of the Law provides that an employee is ineligible for UC benefits for any week

> [i]n which his unemployment is due to discharge or temporary suspension from work due to failure to . . . pass a drug test conducted pursuant to an employer's established substance abuse policy, provided that the drug test is not requested or implemented in violation of the law or of a collective bargaining agreement.

43 P.S. § 802(e.1). To render an employee ineligible for UC benefits under Section 402(e.1) of the Law,

> an employer is required to demonstrate (1) that it had an established substance abuse policy and (2) that the claimant violated the policy. *UGI Utils., Inc. v. Unemployment Comp. Bd. of Review,* 851 A.2d 240, 252 (Pa. Cmwlth. 2004) []. If an employer meets its initial burden, a claimant will be rendered ineligible for benefits unless the claimant is able to demonstrate that the employer's substance abuse policy is in violation of the law or a [collective bargaining agreement (]CBA[)[5]]. *Id.* ('The terms of [the employer's

---

[5] The Referee erred by concluding that "[o]nce the employer has established the existence of the policy and of its violation by the claimant [under Section 402(e.1) of the Law], the burden shifts to the claimant to establish good cause or justification for such actions." Referee Dec. at 3. We acknowledge that, for willful misconduct cases under Section 402(e) of the Law, "[i]f the employer satisfies its burden, the burden shifts to the employee to show that he . . . had good cause for his . . . conduct. 'A claimant has good cause if his . . . actions are justifiable and reasonable under the circumstances.'" *Grand Sport Auto Body v. Unemployment Comp. Bd. of Review*, 55 A.3d 186, 190 (Pa. Cmwlth. 2012) (citation omitted) (quoting *Docherty v. Unemployment Comp. Bd. of Review*, 898 A.2d 1205, 1208-09 (Pa. Cmwlth. 2006)). However, "the proper provision under which to analyze discharges where an employee fails to . . . pass a drug test is Section 402(e.1) [of the Law] and not Section 402(e) [of the Law]." *Dillon v. Unemployment Comp. Bd. of Review*, 68 A.3d 1054, 1057 (Pa. Cmwlth. 2013). Section 402(e.1) of the Law does not permit a claimant to show good cause or justification for a violation since, under the statute's express language, a claimant prevails only if he can show that the drug policy violates the law or a CBA. *See Greer v. Unemployment Comp. Bd. of Review*, 4 A.3d 733 (Pa. Cmwlth. 2010); *see also UGI Utils., Inc.*; *Davis v. Unemployment Comp. Bd. of Review* (Pa. Cmwlth. No. 1983 C.D. 2015, filed March 22, 2016); *Butz v. Unemployment Comp. Bd. of Review* (Pa. Cmwlth. No. 681 C.D. 2014, filed on January 16, 2015). We acknowledge that this Court's unreported memorandum opinions may be cited "for [their] persuasive value, but not as a binding precedent." Section 414(a) of the

3

substance abuse] policy may be trumped by statute or collective bargaining agreement, but it is the claimant's burden to develop the record appropriately to succeed in that defense.').

*Greer v. Unemployment Comp. Bd. of Review*, 4 A.3d 733, 736 (Pa. Cmwlth. 2010) (footnote omitted).

Here, Employer's Drug Policy, Claimant's acknowledgement thereof and the dual reports[6] of Claimant's August 3, 2015 positive drug test were admitted into evidence at the Referee hearing without objection. *See* Certified Record Item 11, Notes of Testimony, January 4, 2016 (N.T.) at 3-5, 8; *see also* N.T. Exs. 4, 7-12. Employer's Human Resources (HR) and Benefits Coordinator Emily Haile (Haile) testified that the sample collection process and the chain of custody were in accordance with the Drug Policy.[7] *See* N.T. at 5-6. Haile further explained:

If an employee is taking any kind of medications that may come up on a drug test, there is a form that [he/she] complete and then submit to the [medical review officer (]MRO[)] process [sic] that would allow [the MRO] to

---

Commonwealth Court's Internal Operating Procedures, 210 Pa. Code § 69.414(a). These unreported cases are cited for their persuasive value.

[6] During the drug test, Claimant provided two urine samples. *See* N.T. at 7; *see also* N.T. Ex. 9. In accordance with the Drug Policy, at Claimant's request, one sample was tested by Clinical Reference Laboratory, *see* N.T. Exs. 8, 10-11, and the other sample was tested by Quest Diagnostics, *see* N.T. Ex. 11; both samples showed positive results for marijuana. *See* N.T. at 4-5; *see also* N.T. Exs. 8-11.

[7] Although the *UGI Utilities* Court expressed that drug reports are usually admitted through a Medical Review Officer (MRO), therein this Court explained that "[the e]mployer [similarly] used the testimony of its [HR] personnel to demonstrate chain of custody and foundation, *i.e.,* relevancy and authenticity, of the lab report showing [the c]laimant's positive drug test results. . . . [O]nce admitted, [the e]mployer's lab reports . . . were entitled to be given probative value." *UGI Utils., Inc.*, 851 A.2d at 252. *UGI Utilities* requires "drug reports . . . be testified to by 'someone with knowledge of the testing procedure.'" *Buck v. Unemployment Comp. Bd. of Review* (Pa. Cmwlth. No. 911 C.D. 2013, filed January 15, 2014), slip op. at 19. *Buck* is cited solely for its persuasive value.

Claimant here does not challenge that Haile had sufficient knowledge of the testing procedure or chain of custody. Employer's sample collection and chain of custody documents were admitted into the record without objection. N.T. Exs. 7, 9.

4

release to [Employer] the [prescription] information . . . .[8]
That did not occur in this situation.

N.T. at 7. Haile also described that after the MRO notifies an employee that his drug test was positive, but before Employer is notified, the employee may request the split sample testing, which affords him yet another "opportunity to provide any documentation that may or may not change the result." N.T. at 7.

Claimant does not argue, nor did he "demonstrate that [Employer's Drug Policy or his August 3, 2015 drug test were] in violation of the law or a CBA."[9] *Greer*, 4 A.3d at 736. Rather, Claimant's sole challenge on appeal is that an August 4, 2015 drug test produced a different result. He explained that he has been participating in a rehabilitation program (Program) for the past five years, under which he is prescribed Suboxone[10] and undergoes monthly drug testing.[11] *See* N.T. at 8-9. Claimant declared that his August 4, 2015 Program drug test, taken just 24 hours after Employer's test, was negative for marijuana. *See* N.T. at 9-10, 13. Claimant related that, after his split sample returned positive for marijuana and Employer

---

[8] Section VI of the Drug Policy states: "If the MRO determines that a confirmed laboratory positive test result for drugs is consistent with an employee's use of prescription medication for which the employee has a valid prescription, the MRO will report the result to [Employer] as a negative test result for drugs[.]" N.T. Ex. 4 (Drug Policy) at 5.

[9] In Claimant's UC application, although he "disagree[d] with the test results," he admitted that neither the Employer's request for or administration of the drug test violated a CBA. C.R. Item 2 (Internet Initial Claims Application) at 3. He also stated that Employer's test request did not violate the law. Finally, relative to whether Employer's administration of the test violated the law, Claimant answered "U." *Id.* There is no key in the record that denotes what "U" represents but, even if we assume that it means "unknown," Claimant had the burden here of proving to the UCBR that Employer's implementation of the Drug Policy violated the law. *Greer*.

In fact, Claimant does not specifically object to any of the UCBR's findings that Employer conducted the August 3, 2015 drug test in accordance with its Drug Policy, that the results were positive for marijuana, and that Claimant was discharged as a result. Because unchallenged findings are conclusive on appeal, we are bound by them. *Munski v. Unemployment Comp. Bd. of Review,* 29 A.3d 133 (Pa. Cmwlth. 2011).

[10] Suboxone is an FDA-approved medication used for treatment of opioid addiction.

[11] Claimant declared that he has never tested positive for marijuana. *See* N.T. at 9. He related that if he had a positive drug test, he "would be kicked out of the program." N.T. at 11.

5

suspended him, he challenged the results by giving copies of his August 4, 2015 Program test results to Employer's Shift Foreman Vinny Serrato (Serrato), who purportedly informed Claimant that he would send it to HR and "see what he could do." N.T. at 12.

Claimant sought to have the Program test results and a letter from the Program's medical staff admitted into evidence. *See* N.T. at 8-9. Employer objected to the admission of these documents on the grounds that Claimant failed to produce the documentation in advance of the telephone hearing. *See* N.T. at 9. The Referee sustained Employer's objection, and concluded that "the record is devoid of any substantial evidence or testimony which would show [Claimant] met his shifting burden of proof."[12] Referee Dec. at 3. On appeal to the UCBR, Claimant argued that "critical evidence which can exonerate [Claimant] was not admitted into evidence [based] on a technicality." C.R. Item 13 (Claimant's Petition for Appeal) at 3.

The law is well established that:

> [T]he [UCBR] is the ultimate fact-finder in unemployment compensation matters and is empowered to resolve all conflicts in evidence, witness credibility, and weight accorded the evidence. It is irrelevant whether the record contains evidence to support findings other than those made by the fact-finder; the critical inquiry is whether there is evidence to support the findings actually made.

*Ductmate Indus., Inc. v. Unemployment Comp. Bd. of Review*, 949 A.2d 338, 342 (Pa. Cmwlth. 2008) (citations omitted). Moreover,

> [a] fact finder capriciously disregards evidence 'when there is a willful and deliberate disregard of competent testimony and relevant evidence which one of ordinary intelligence could not possibly have avoided in reaching a result.' [*Agostino v. Twp. of Collier,* 968 A.2d 258,] 264 [(Pa.

---

[12] Although the Referee was referencing the inapplicable good cause burden, the statement nevertheless applies to the conclusion we reach herein.

6

Cmwlth. 2009)] (quoting *Arena v. Packaging* [*Sys.*] [*Corp.*], . . . 507 A.2d 18, 20 ([Pa.] 1986)).

*Spencer v. City of Reading Charter Bd.,* 97 A.3d 834, 842 (Pa. Cmwlth. 2014). That did not occur in this case.

Section 101.130(e) of the Department of Labor and Industry's (Department) Regulations states:

> When any testimony will be given from or with the aid of a document not previously distributed to the parties by the tribunal, the party expecting to introduce the document shall deliver it to the tribunal, and the tribunal shall distribute it to each other party and, if known, counsel or authorized agent before or at the beginning of the testimony. **The tribunal may require that the documents be delivered up to 5 days in advance of the hearing. See [Section 101.103(h) of the Department's Regulations, 34 Pa. Code] § 101.131(h) (relating to conduct of a telephone hearing).**

34 Pa. Code § 101.130(e) (emphasis added). Pursuant to its Regulations, the Department's December 17, 2015 Notice of Hearing (Hearing Notice) sent to Claimant indeed clearly directed: "If you have **documents to be entered or testified from at this hearing, you must submit them to the Referee Office listed above at least five (5) days BEFORE THE HEARING.-Monday, December 28, 2015**."[13] C.R. Item 10 (Hearing Notice) at 1. Section 101.131(h) of the Department's Regulations provides:

> **A document not provided as required by [Section] 101.130(e) [of the Department's Regulations] (relating to notice of testimony by telephone and use of documents) may not be admitted nor testimony given or**

---

[13] Claimant does not maintain that he did not receive the Hearing Notice. "Where notice, mailed to a party's last known address[] is not returned by the postal authorities as undeliverable, the party is presumed to have received notice." *John Kenneth, Ltd. v. Unemployment Comp. Bd. of Review*, 444 A.2d 824, 826 (Pa. Cmwlth. 1982).

**taken from it** unless consent has been requested from and given by all parties. Testimony taken or given in violation of this subsection will be excluded from consideration, as will the document.

34 Pa. Code § 101.131(h) (emphasis added).

Here, the UCBR upheld the Referee's ruling because, despite the Hearing Notice and Regulation requirement,

> [Claimant] chose not to submit his proffered evidence. This is not a 'technicality,' but a[ UC] regulation ensuring [that] parties' due process rights are protected during telephone hearings. Regardless, [Claimant] had an opportunity to present to [Employer] medical documentation explaining his positive drug test. [**Claimant**] did not do this, but **merely asserted he took a different drug test on a different day that had different results**.

UCBR Order at 1 (emphasis added). Accordingly, the UCBR adopted the Referee's conclusion that "[Employer] has met its burden of proof" that Claimant violated the Drug Policy and, thus, is ineligible for UC benefits pursuant to Section 402(e.1) of the Law. Referee Dec. at 3; *see also* UCBR Order at 1. We find no error in the UCBR's conclusion.

Moreover, even if Claimant had not ignored the Department's Hearing Notice directive and the Department's Regulations, and/or Claimant was permitted to offer the Program letter and test results into evidence, without proper authentication, it would at best constitute hearsay. This Court has explained:

> '[H]earsay is defined as a 'statement, other than one made by the declarant while testifying at the trial or hearing offered in evidence to prove the truth of the matter asserted.' Pa. R.E. 801(c).' *Yost v. Unemployment Comp. Bd. of Review,* 42 A.3d 1158, 1163 (Pa. Cmwlth. 2012). 'It has long been established in this Commonwealth that hearsay evidence, *properly objected to,* is not competent evidence to support a finding of the [UCBR], whether or not corroborated by other evidence.' *Myers v. Unemployment Comp. Bd. of Review,* . . . 625 A.2d 622, 625 ([Pa.] 1993); *see also Walker v. Unemployment Comp.*

*Bd. of Review, . . .* 367 A.2d 366 ([Pa. Cmwlth.] 1976). However, '[h]earsay evidence, [a]dmitted without objection, will be given its natural probative effect and may support a finding of the [UCBR], [i]f it is corroborated by any competent evidence in the record. . . .' *Walker,* 367 A.2d at 370.

*Furnari v. Workers' Comp. Appeal Bd. (Temple Inland)*, 90 A.3d 53, 72–73 (Pa. Cmwlth. 2014). Accordingly, if Employer objected to the admission of Claimant's Program documents on hearsay grounds, the Program drug test results would have been inadmissible. If Employer failed to make such an objection, without competent corroborating evidence,[14] the documents could not form the basis of a UCBR finding in Claimant's favor. Thus, we hold that the UCBR properly excluded Claimant's Program documents from evidence.

Under circumstances in which Employer met its burden of proving that Claimant violated Employer's Drug Policy, and Claimant failed to demonstrate that the Drug Policy violated the law, *Greer*, the UCBR properly denied Claimant UC benefits under Section 402(e.1). For all of the above reasons, the UCBR's order is affirmed.

_____
ANNE E. COVEY, Judge

Judge Cosgrove dissents.

---

[14] Arguably, even with proper authentication, introduction of Claimant's evidence that another test by another company using another sample on another day, and possibly subject to differing drug concentration cut-off levels, *see* Drug Policy at 4-5, would not establish that Employer's drug test violated the law. Moreover, this Court has specifically held that "[t]he [UCBR] cannot ignore the results of the urine tests and conclude that Claimant's self-serving testimony that he did not use [marijuana] is credible without more." *Phila. Gas Works v. Unemployment Comp. Bd. of Review*, 671 A.2d 264, 268 (Pa. Cmwlth. 1996).

Brent L. Bowers, :  
               Petitioner :

             v. :

Unemployment Compensation :
Board of Review, :   No. 798 C.D. 2016
             Respondent :

# O R D E R

AND NOW, this 4th day of April, 2017, the Unemployment Compensation Board of Review's March 11, 2016 order is affirmed.

_____
ANNE E. COVEY, Judge