IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Erica M. Tice,                          :
                     Petitioner         :
                                        :
          v.                            : No. 177 C.D. 2018
                                        : Submitted:  June 29, 2018
Unemployment Compensation               :
Board of Review,                        :
                     Respondent         :


BEFORE:    HONORABLE PATRICIA A. McCULLOUGH, Judge
           HONORABLE CHRISTINE FIZZANO CANNON, Judge
           HONORABLE DAN PELLEGRINI, Senior Judge


OPINION NOT REPORTED


MEMORANDUM OPINION BY
SENIOR JUDGE PELLEGRINI                          FILED:  July 23, 2018


          Erica M. Tice (Claimant) petitions for review of the Unemployment

Compensation Board of Review's (Board) decision finding that she did not have a

good reason for her nonappearance at the Referee's hearing and finding that she

was ineligible for unemployment compensation (UC) benefits because she was

terminated for willful misconduct under Section 402(e) of the Unemployment

Compensation Law (Law).[1]  On appeal, Claimant asserts only one issue – that the

_____

    [1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §
802(e).  Section 402(e) provides that an employee is ineligible for benefits for any week:

          In which his unemployment is due to his discharge or temporary
          suspension from work for willful misconduct connected with his
**(Footnote continued on next page…)**

Board erred in finding that her failure to attend the hearing due to the post office's late delivery of her mail did not constitute proper cause. For the following reasons, we affirm.

Claimant was previously employed by Keystone Clippers, LLC (Employer) as a part-time stylist, averaging 15 hours per week at $9.00 per hour. In April 2017, she received multiple write-ups for her failure to follow company policy. On April 22 and 23, 2017, she was written up for tardiness. On May 8, 2017, Claimant reported to work more than 30 minutes late. On May 9, 2017, she was terminated for tardiness after having already received a warning.

Claimant filed for UC benefits with the Erie UC Service Center, which granted benefits. Employer appealed, and a hearing was scheduled before a Referee on July 7, 2017. On June 23, 2017, notice of the hearing was mailed to Claimant at her address, 87 Pasadena Street, Pittsburgh, Pennsylvania, 15211.

At the hearing, two witnesses appeared on behalf of Employer but Claimant did not appear. Shannon Noyes (Noyes), Employer's area manager who oversaw Claimant's work, stated with regard to Claimant's performance:

> This was her kind of second chance with us. She was employed with us and let go from our Rexford [sic]

---

**(continued…)**

> work, irrespective of whether or not such work is "employment" as defined in this act.

location, and that was a month before she came to our Oakwood location. She pretty much didn't show up for her shifts there, she just stopped showing up and she didn't call or let us know what was going on and then a few days later her mom contacted the manager and let her know that she was unable to work for anxiety reasons and she was under treatment for that. Then she reached out to us, she said that she took care of herself, she was okay. In her time there, though, she, we were having issues with her following dress code, coming to work on time. There was money that was missing out of Team members' purses when it was just [sic] and them working. So the possible fact that we suspected, we worked all that out with her when she reapplied and let her know, like, if anything, she has to follow our policies, this is her last chance. When she came back, she called off . . . she did no call no show for a shift, she was also tardy for several shifts. She would leave the store without the management's permission, whether to smoke or to get food, without permission from her manager, and those would be on small 4 hour shifts. She came to work a few times unable to perform her job. She said that she took anxiety medicine and she took a little bit too much of it a couple of the times, she said. So, we had to, you know, deal with that. Clients complained saying she was unprofessional with them, stylists were starting to feel uncomfortable working with her. And then also, just like in her previous location, she would not follow the dress code, [the store manager] would have to talk to her numerous times. Letting her know that you are not wearing our uniform, you need to be wearing black athletic pants and your vest and she would just come in wearing, like, sweat pants and a t-shirt. So, she just wasn't following the policies and procedures and we talked numerous times, let her know, she has been through the handbook, she knew what she was expected [to do] and she just wasn't willing to do it.

(Record (R.) Item No. 8, Referee's Hearing: Transcript of Testimony w/ Employer Exhibits, 7/7/2017, pp. 3 – 4.) Based on the evidence presented by Employer, the

3

Referee denied benefits, finding that Claimant had been terminated for willful misconduct.

Claimant appealed to the Board, alleging that she had not received notification of the hearing and requesting a remand. Under Section 101.51 of the Board's procedural rules:

> If a party notified of the date, hour and place of a hearing fails to attend a hearing without **proper cause**, the hearing may be held in his absence. In the absence of all parties, the decision may be based upon the pertinent available records. The tribunal may take such other action as may be deemed appropriate.

34 Pa. Code § 101.51. (Emphasis added.) In such an event, the Board may choose to remand the matter to the Referee to hold a hearing in order to determine whether the claimant had proper cause for failing to appear, and, in the event proper cause is found, to consider additional substantive evidence. Here, the Board found that a further hearing was proper and remanded the matter to the Referee to receive testimony and evidence on Claimant's reason for her nonappearance.

At the remand hearing, Claimant testified that she received mail at her current mailing address, 87 Pasadena Street. When asked if she had any problems with her mail delivery, she responded:

> Not normally I don't. But sometimes you know, I'll get mail like days later. The mail that I received for this [hearing] I was not expecting at all. So, whenever I did receive it, it was already past the [hearing] date.

4

(R. Item No. 14, Board's Hearing: Transcript of Testimony w/ Board Exhibits, 10/3/2017, p. 3.) When asked to clarify what potentially caused the delay in receipt of her mail, Claimant responded:

> I – it was around the 4th of July, so I don't know if that's what delayed it, but all of my mail that I was – was supposed to receive, I didn't end up getting until after this [h]earing was already held.

(*Id.*) Claimant testified that despite the fact that the notification for the July 7, 2017 hearing was mailed to her on June 23, 2017, she did not actually receive it until July 21, 2017, well after the hearing occurred.

Finding Claimant's testimony about her alleged mail problems not credible, the Board found that Claimant did not have a good reason for her nonappearance at the July 7, 2017 hearing and affirmed the Referee's decision. This petition for review followed.

In her brief, Claimant does not address the underlying issue of whether there was substantial evidence to support the Board's finding that she was terminated for willful misconduct. Rather, the sole issue she raises is that the Board erred in finding that she did not have good cause for her nonappearance.[2]

---

[2] This Court's scope of review is limited to determining whether constitutional rights were violated, whether an error of law was committed, or whether necessary findings of fact are supported by substantial competent evidence. *Philadelphia Gas Works v. Unemployment Compensation Board of Review*, 671 A.2d 264 (Pa. Cmwlth. 1996).

**(Footnote continued on next page…)**

5

A claimant asserting non-receipt of mail must overcome the presumption created by the common law mailbox rule. *Douglas v. Unemployment Compensation Board of Review*, 151 A.3d 1188, 1191 (Pa. Cmwlth. 2016). The mailbox rule provides that the depositing of a properly addressed letter with prepaid postage in the post office raises a presumption that the letter reached its destination by due course of mail. *Dull v. Unemployment Compensation Board of Review*, 955 A.2d 1077, 1079 (Pa. Cmwlth. 2008). In this matter, the only evidence Claimant offered that she did not receive notice was her own testimony, which the Board did not find to be credible.

The Board may either accept or reject a witness's testimony whether or not it is corroborated by other evidence of record. *Chapman v. Unemployment Compensation Board of Review*, 20 A.3d 603, 607 (Pa. Cmwlth. 2011). Because the Board is the ultimate fact finder and determiner of credibility, those determinations are not subject to judicial review. *McCarthy v. Unemployment Compensation Board of Review*, 829 A.2d 1266 (Pa. Cmwlth. 2003).

---

**(continued…)**

On appeal, Claimant attempts to argue that she can provide a letter stating that for safety purposes, the United States Postal Service will no longer deliver mail to her address until she makes certain repairs to her steps, as well as a picture of said steps. However, none of this evidence was presented at the remand hearing; rather, the only evidence Claimant presented regarding her absence was her own testimony that she did not receive notice until July 21, 2017. Furthermore, at the hearing, Claimant testified that she still received mail at her address and she normally did not have problems with receiving mail. Because this additional evidence that Claimant references in her brief was not part of the record before the Board, Claimant may not attempt to present this evidence now. *See Pennsylvania Turnpike Commission v. Unemployment Compensation Board of Review*, 991 A.2d 971 (Pa. Cmwlth. 2009) (holding that this Court may not consider any evidence that is not part of the certified record on appeal).

Because this Court may not review the Board's credibility determinations and the Board determined that Claimant's testimony was not credible, there is no evidence to support a finding that Claimant had good cause to miss the hearing before the Referee, and the Board did not err in refusing to consider substantive evidence as to the cause of Claimant's termination.

Accordingly, we affirm.

_____
DAN PELLEGRINI, Senior Judge

7

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | |
|---|---|
| Erica M. Tice,<br>        Petitioner | :<br>:<br>: |
| v. | : No. 177 C.D. 2018 |
| Unemployment Compensation<br>Board of Review,<br>        Respondent | :<br>:<br>:<br>: |

# **O R D E R**

AND NOW, this 23rd day of July, 2018, the order of the Unemployment Compensation Board of Review in the above-captioned matter is affirmed.

_____
DAN PELLEGRINI, Senior Judge