Jack Lehr Electric, :
                Petitioner :
                 :
           v. :
                 :
Unemployment Compensation :
Board of Review, : No. 913 C.D. 2020
              Respondent : Submitted: May 13, 2021


BEFORE:   HONORABLE ANNE E. COVEY, Judge
              HONORABLE MICHAEL H. WOJCIK, Judge
              HONORABLE ELLEN CEISLER, Judge

OPINION BY
JUDGE COVEY                               FILED:  June 8, 2021

        Jack Lehr Electric (Employer) petitions this Court for review of the Unemployment Compensation (UC) Board of Review's (UCBR) August 21, 2020 order reversing the Referee's decision and granting Robert Moyer (Claimant) UC benefits.  The sole issue before this Court is whether the UCBR erred by determining that Claimant is not disqualified for UC benefits under Section 402(e.1) of the UC Law (Law).[1]  After review, we affirm.

        Employer employed Claimant as a warehouse assistant from June 13, 2016 to February 5, 2020.  Employer maintains a policy regarding Use of Alcohol, Illegal Drugs or Controlled Substances (Drug Policy).  The Drug Policy mandates:

> **Any employee who is using prescription** and/or over-the-counter **drugs** that may impair the employee's ability to safely perform the job or affect the safety or well-being

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, added by Section 3 of the Act of December 9, 2002, P.L. 1330, 43 P.S. § 802(e.1) (relating to discharge for "failure to submit and/or pass a drug test conducted pursuant to an employer's established substance abuse policy[]").

of others **should**: (1) **inform his**/her **supervisor that such medications are being taken**, and (2) **not report for work during the time the employee is using the medication**.

Reproduced Record (R.R.) at 19a (emphasis added). The Drug Policy further provides: "**Proper use of prescription drugs directly prescribed to the employee is exempt from these restrictions** so long as the employee is complying with physician orders and use of the drugs does not create a safety hazard to the employee or his/her co-workers." *Id*. (emphasis added).

> Importantly, the Drug Policy warns:

> Please note: The use of marijuana or its chemical derivatives during work hours has been deemed to be a safety hazard to employees, our customers, and the general public. Furthermore, its use negatively impacts[] our employee's ability to provide acceptable levels of customer service. For these reasons, even if the use of marijuana is permitted under state or local laws, [**Employer**] **strictly prohibits the use of marijuana** or any of its derivatives **during or immediately prior to working hours**. **Testing positive for marijuana** *may* **be considered a violation of this policy**, regardless of the employee's possession of a medical marijuana license or the legal status of recreational use of marijuana.

*Id*. (emphasis added). In addition, the Drug Policy provides that Employer may subject employees to random drug screenings. *See id*. at 20a. Finally, the Drug Policy states: "[Employer] reserves the right to impose discipline, up to and including immediate termination of employment, upon any employee who tests positive, depending upon the particular situation." *Id*. at 22a.

Claimant was issued a medical marijuana patient identification card (medical marijuana card) and informed his supervisor shortly thereafter. Pursuant to the Drug Policy, on January 23, 2020, Claimant was randomly selected for drug testing. Immediately before his drug test, Claimant informed Employer that he had

2

a medical marijuana card and prescription for medical marijuana from his doctor. Claimant was not under the influence of marijuana and did not ingest medical marijuana while at work. Claimant provided a urine sample in accordance with the Drug Policy. Claimant tested positive for marijuana. Employer directed Claimant to undergo a fitness for duty exam. On February 5, 2020, Employer discharged Claimant for violating its Drug Policy by testing positive for marijuana, and for reporting to work using a medication that would affect his safe operation of a vehicle and equipment, and his ability to safely climb ladders.

Claimant applied for UC benefits. On February 27, 2020, the Altoona UC Service Center determined that Claimant was ineligible for UC benefits under Section 402(e.1) of the Law. Claimant appealed and a Referee held a hearing. On May 6, 2020, the Referee affirmed the UC Service Center's determination. Claimant appealed to the UCBR, which reversed the Referee's decision. Employer appealed to this Court.[2]

Employer argues that Claimant is ineligible for UC benefits as a result of his failure to pass a random drug test as required by Employer in violation of Section 402(e.1) of the Law. Employer contends that the fact that Claimant holds a medical marijuana card does not change the character of a failed drug test. Employer further asserts that Claimant's argument that a urine screen cannot determine when he ingested marijuana is irrelevant if, in fact, the drug remained at a detectable level at the time of testing. Finally, Employer declares that Claimant's assertion that he reported his medical marijuana usage to his superiors at any point other than

---

[2] "'Our scope of review is limited to determining whether constitutional rights were violated, whether an error of law was committed, or whether the findings of fact were unsupported by substantial evidence.' *Miller v. Unemployment Comp. Bd. of Rev.*, 83 A.3d 484, 486 n.2 (Pa. Cmwlth. 2014)." *Talty v. Unemployment Comp. Bd. of Rev.*, 197 A.3d 842, 843 n.4 (Pa. Cmwlth. 2018).

immediately prior to the test, while irrelevant, is disputed by credible testimony to the contrary in the record, and is a Drug Policy violation in and of itself.

The UCBR rejoins that the challenged UCBR findings are supported by substantial competent evidence, i.e., Claimant's testimony and, thus, are conclusive on appeal. The UCBR maintains that Employer relies solely on its own witnesses' testimony and evidence to argue facts the UCBR did not accept. The UCBR asserts that, while Employer showed that it had a Drug Policy, given the exemption for prescription medications contained therein, Employer failed to demonstrate that Claimant, who possessed a medical marijuana card, violated that Drug Policy when he tested positive for marijuana. The UCBR emphasizes that Claimant had previously informed his supervisor of his prescribed use of medical marijuana as required, and Employer conceded by stipulation that Claimant was not under the influence of marijuana when he took the fitness for duty exam. Moreover, the UCBR avers that there is no evidence Claimant was acting against his doctor's orders when using the medical marijuana. Therefore, the UCBR declares that it did not err by granting UC benefits when Employer terminated Claimant's employment.

Section 402(e.1) of the Law provides that an employee shall be ineligible for UC benefits for any week

> [i]n which his unemployment is due to discharge . . . due to failure to submit and/or pass a drug test conducted pursuant to an employer's established substance abuse policy, provided that the drug test is not requested or implemented in violation of the law or of a collective bargaining agreement [(CBA)].

43 P.S. § 802(e.1).

> To render an employee ineligible for UC benefits under Section 402(e.1) of the Law, **an employer is required to demonstrate** (1) **that it had an established substance abuse policy and** (2) **that the claimant violated the policy**. *UGI Utils., Inc. v. Unemployment Comp. Bd. of*

4

> *Rev*[.], 851 A.2d 240, 252 (Pa. Cmwlth. 2004)[]. If an
> employer meets its initial burden, a claimant will be
> rendered ineligible for benefits unless the claimant is able
> to demonstrate that the employer's substance abuse policy
> is in violation of the law or a CBA. *Id*. ('The terms of [the
> employer's substance abuse] policy may be trumped by
> statute or [CBA], but it is the claimant's burden to develop
> the record appropriately to succeed in that defense.').
> *Greer v. Unemployment Comp. Bd. of Rev*[.], 4 A.3d 733,
> 736 (Pa. Cmwlth. 2010) (footnote omitted).

*Pittsburgh Water & Sewer Auth. v. Unemployment Comp. Bd. of Rev*., 242 A.3d 704,

709 (Pa. Cmwlth. 2020) (quoting *Bowers v. Unemployment Comp. Bd. of Rev.*, 165

A.3d 49, 52-53 (Pa. Cmwlth. 2017) (emphasis added)).

> Moreover,
>
> it is to be remembered that the . . . Law is a remedial
> statute, and, excepting the sections imposing taxes, its
> provisions must be liberally and broadly construed so that
> its objectives (insuring that employees who become
> unemployed through no fault of their own are provided
> with some semblance of economic security) may be
> completely achieved.

*A Special Touch v. Dep't of Labor & Indus, Off. of Unemployment Comp. Tax Servs.*,

228 A.3d 489, 503 (Pa. 2020) (quoting *Wedner v. Unemployment Comp. Bd. of Rev.*,

296 A.2d 792, 796 (Pa. 1972)).

In the instant case, Employer's Drug Policy expressly requires: "Any

employee who is using prescription . . . drugs . . . [to]: (1) inform his/her supervisor

that such medications are being taken, and (2) not report for work during the time

the employee is using the medication." R.R. at 19a. The Drug Policy further

provides that "[p]roper use of prescription drugs directly prescribed to the employee

is exempt from [the Drug Policy's] restrictions . . . ." *Id.* Finally, the Drug Policy

notes: "[Employer] strictly prohibits the use of marijuana or any of its derivatives

during or immediately prior to working hours. Testing positive for marijuana *may* be considered a violation of this [Drug P]olicy[.]" *Id.* (emphasis added).

This Court has explained:

[I]n UC cases, the [UCBR's] findings of fact must be supported by "[s]ubstantial evidence [which] is defined as 'such relevant evidence which a reasonable mind would accept as adequate to support a conclusion.'" *W[.] & S[.] Life Ins[.] Co. v. Unemployment Comp[.] [Bd.] of Rev[.]*, 913 A.2d 331, 335 (Pa. Cmwlth. 2006) (quoting *Guthrie v. Unemployment Comp[.] [Bd.] of Rev[.]*, 738 A.2d 518, 521 (Pa. Cmwlth. 1999)). 'The [UCBR's] findings are conclusive on appeal so long as the record, when viewed in its entirety, contains substantial evidence to support the findings.' *W[.] & S[.] Life Ins[.] Co.*, 913 A.2d at 335. This Court is bound 'to examine the testimony in the light most favorable to the party in whose favor the [UCBR] has found, giving that party the benefit of all inferences that can logically and reasonably be drawn from the testimony' to determine if substantial evidence exists for the [UCBR's] findings. *U[.]S[.] Banknote Co. v. Unemployment Comp[.] [Bd.] of Rev[.]*, . . . 575 A.2d 673, 674 ([Pa. Cmwlth.] 1990). Moreover, 'even if there is contrary evidence of record, the [UCBR's] findings of fact are binding upon the Court where supported by substantial evidence.' *Borough of Coaldale v. Unemployment Comp[.] [Bd.] of Rev[.]*, 745 A.2d 728, 731 (Pa. Cmwlth. 2000).

*Gosner v. Unemployment Comp. Bd. of Rev.*, 234 A.3d 934, 937 (Pa. Cmwlth. 2020) (emphasis omitted) (quoting *Cambria Cnty. Transit Auth. (Cam Tran) v. Unemployment Comp. Bd. of Rev.*, 201 A.3d 941, 947 (Pa. Cmwlth. 2019)).

Here, the UCBR determined that Claimant was not disqualified from receiving UC benefits under Section 402(e.1) of the Law, reasoning:

[E]mployer's [Drug P]olicy on the use of prescription drugs requires the employee to notify his or her immediate supervisor if he or she must use a legally prescribed drug that causes or might cause adverse side effects during the workday, before reporting to work. However, the [Drug

6

P]olicy also states that the "[p]roper use of prescription drugs directly prescribed to the employee is exempt from these restrictions so long as the employee is complying with physician orders and use of the drugs does not create a safety hazard for the employee or his/her coworkers."

The [UCBR] notes that, under [Pennsylvania's] Medical Marijuana [Act],[3] a doctor may issue a prescription for medical marijuana to a patient. **The [UCBR] credits [] [C]laimant's testimony that he previously disclosed to [] [E]mployer that he obtained a [m]edical [m]arijuana . . . [c]ard to his supervisor and that he was prescribed medical marijuana. The [UCBR] also credits [] [C]laimant's testimony that he presented the card to [] [E]mployer immediately prior to taking the drug test and that [] [C]laimant was not under the influence of marijuana.** The bare test results do not disclose how recently [] [C]laimant may have ingested marijuana before reporting to work or that his work performance somehow was impaired on the day of the test.

In addition, [] [E]mployer appears to rely on the prohibitions contained in Section 510 of the Medical Marijuana [Act[4]] to conclude that [] [C]laimant was not fit for duty while taking medical marijuana. However, [] [E]mployer presented no credible evidence that [] [C]laimant met the requirements of the prohibitions, including that [] [C]laimant was under the influence of medical marijuana. Because [] [C]laimant had a legal prescription and valid card to use marijuana for medical reasons, the [UCBR] is unable to conclude that he is ineligible for benefits under Section 402(e.1) of the Law.

UCBR Dec. at 3; R.R. at 143a (emphasis added).

Based upon a review of the record, this Court holds that substantial evidence supported the UCBR's findings and conclusions. Thus, the UCBR properly concluded Claimant was not ineligible for benefits under Section 402(e.1) of the Law. *See Pittsburgh Water & Sewer Auth.*, 242 A.3d at 709 ("[B]ecause [the c]laimant provided the [medical review officer (]MRO[)] with his valid patient

---

[3] Act of April 17, 2016, P.L. 84, 35 P.S. §§ 10231.101-10231.2110.
[4] 35 P.S. § 10231.510.

identification card to explain his use of prescribed medical marijuana, this Court cannot conclude that the MRO's reporting of [the c]laimant's drug test as positive was in accordance with employer's substance abuse policy.") (quotation marks omitted). Accordingly, this Court discerns no error or abuse of discretion by the UCBR in granting Claimant UC benefits.

For all of the above reasons, the UCBR's order is affirmed.


_____
ANNE E. COVEY, Judge

8

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Jack Lehr Electric,       :
    Petitioner     :
            :
   v.         :
            :
Unemployment Compensation  :
Board of Review,      :  No. 913 C.D. 2020
    Respondent   :

# O R D E R

AND NOW, this 8th day of June, 2021, the Unemployment Compensation Board of Review's August 21, 2020 order is affirmed.

_____
ANNE E. COVEY, Judge